ERNEST T. HULTON *vs.* WILLIAM J. PHANEUF *d.b.a.* PLUM'S EXPRESS.

ERNEST T. HULTON *vs.* WILBUR W. CLOSE.

MAY 31, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. These are two actions of trespass on the case for negligence to recover damages for personal injuries caused by the operation of the defendant William J. Phaneuf's tractor trailer by his servant and agent. The cases were tried together in the superior court to a jury, which returned a verdict for the plaintiff in each case in the amount of $20,000. Each defendant filed a motion for a

new trial, which was granted unless the plaintiff filed a remittitur of all of the verdict in excess of $14,500. Such remittitur was duly filed. Each case is before this court on the defendant's exceptions to the denial of his motions for a directed verdict and for a new trial, to rulings as to the admission and exclusion of evidence, to requests to charge and for special findings, and to portions of the charge as given.

The accident which is the subject matter of these suits occurred on March 3, 1953 about 11:20 a.m. on Union street in the city of Providence. The plaintiff testified without specific contradiction that he had at that time turned from Washington street into Union street walking in a northerly direction toward Fountain street; that he crossed Union street from the east to the west sidewalk and continued to walk along the west sidewalk for about 50 feet when something struck him a violent blow in the back; and that he knew nothing further until he recovered consciousness in the Rhode Island Hospital.

The defendant Wilbur W. Close, who was operating the motor truck which was owned by the defendant William J. Phaneuf, testified that he had turned his truck from Washington street into Union street and was proceeding northerly on Union street. At that time Union street was limited to one-way traffic in a northerly direction toward Fountain street. He testified that as he continued along Union street at about ten to fifteen miles an hour, he saw a woman crossing Union street from the easterly side to the westerly side and that in order to let her cross, he took his foot off the gas. He further testified that when the woman reached the west curb, he released the brake and started to accelerate the speed of the truck; that suddenly he saw the plaintiff to the left of the truck; that the rear view mirror attached to the left side of the cab of the truck came into contact with him; that he stopped his truck immediately and went back; and that he saw plaintiff lying

in the street behind the truck with his head on the curb-stone and his feet extending toward the middle of the street. He also testified that as he was proceeding along Union street he saw no one in front of his truck, other than the woman, identified as Mrs. Alice M. Rivard, who was cross-ing the street.

Mrs. Rivard testified that she had left her car in a park-ing lot on the easterly side of Union street and had started to cross that street to the west sidewalk when she saw the truck approaching. She further testified that she did not see anybody in the street; that she hurried to get to the sidewalk on the west side; that when she reached the side-walk she heard what sounded like a scream and observed a man running toward Fountain street with his hands over his face; and that she turned around and saw the truck with its wheels passing over either the legs or the body of plaintiff. She also testified that when the truck stopped, plaintiff was several feet behind it lying on the ground with his head on the curbstone and his feet extending into the street.

We will first consider the exceptions of defendants to the denial of their motions for directed verdicts. It is well settled that in passing upon a motion for a directed ver-dict, the evidence and the reasonable inferences therefrom must be viewed most favorably to the plaintiff, and that a verdict should not be directed unless the only reasonable conclusion that can be drawn is that the plaintiff is not entitled to recover. *Allen* v. *Pepin,* 74 R. I. 144.

The declarations in the instant cases are in two counts. In the first count it is alleged that plaintiff was lawfully on the sidewalk and exercised due care. The defendant Close testified that the mirror came in contact with plain-tiff, but at that time he did not locate plaintiff either on the sidewalk or in the roadway. Several times during di-rect and cross-examination plaintiff testified that he was walking near the curb, and in one instance he stated that

as he was so walking he stepped to the right, or closer to the curb, at which time he was struck. The substance of defendants' contention is that it would be physically impossible for the rear view mirror to have come into contact with plaintiff in the manner he described, and they adduced considerable testimony as to the precise measurements of the truck and the location and projection of the mirror.

The defendants are relying on the rule, as stated by this court in *Whalen* v. *Dunbar,* 44 R. I. 136, that where testimony is opposed to established physical facts, it must yield to such facts. However, in the case of *McAllister* v. *Chase,* 65 R. I. 122, 127, the court made it clear that the above-stated rule is not to be applied in cases where the physical facts are not definitely established and contentions that they have been so established are based upon an assumption not supported by the evidence.

It is true that defendants here have introduced considerable testimony regarding the measurements of the truck. However, the evidence as to the movement of the truck, its speed and relative location in the highway to plaintiff on the sidewalk is in the nature of opinion evidence derived from estimates and does not constitute evidence based on measurements made with mathematical precision. When we consider this evidence in the light most favorable to plaintiff, we are of the opinion that a jury might take such a view thereof and properly find for plaintiff. That being so, we think the denial of the motions for a directed verdict on the first count was proper.

In the second count it was alleged that plaintiff was "lawfully upon the highway and was properly crossing said Union Street." The gist of defendants' contention here is that if plaintiff was in the road when he was struck he was guilty of contributory negligence as a matter of law, and the motions for a directed verdict on the second count should have been granted. The operator of the truck testified that he saw no one ahead of the truck as he entered

Union street. He also testified that the projecting rear view mirror on the left side of the truck came into contact with plaintiff and that he saw the contact occur. There is abundant testimony that after the truck had struck plaintiff, he was lying in the street with his head on the curbstone and his feet extending toward the middle of the street. When we view this testimony in the light most favorable to the plaintiff, we cannot conclude that he was guilty of contributory negligence as a matter of law, and therefore such question was for the jury. The motions for a directed verdict on the second count were properly denied.

The defendants also took exception to the denial by the trial justice of their requests for special findings as provided under general laws 1938, chapter 534, §2. In substance the statute requires that the court upon the request of either party shall direct the jury to return a special verdict upon any issue submitted to it. We have construed this statute as not giving a party the right to have a special finding made on every issue in a case and that it is not error to refuse to submit requested interrogatories to a jury when they are so drawn that they would confuse or mislead the jury. When such is the case, the court may require that appropriate changes be made in the form of the interrogatories or it may wholly disallow them as the circumstances may require. *Connolly* v. *Seitman,* 64 R. I. 29, 34.

In the instant case the trial justice refused to submit the interrogatories as requested because "they contain certain assumptions I am not willing to indulge in this particular case." There is nothing in the record to indicate that defendants thereupon moved that the trial justice settle the form of the interrogatories or that they made any effort to submit them in an amended form. The record indicates only that they took exception to the refusal of the trial justice to submit the questions that were presented to him. In the absence of any action on the part of defendants whereby they sought to reframe the questions for submis-

sion to the jury, we do not feel that the trial justice erred in refusing to submit them in their original form if they were predicated on an assumption that would tend to confuse or mislead the jury.

The first question suggested by defendants reads as follows: "When the plaintiff, Mr. Hulton first came into contact with the mirror of defendants' motor vehicle, was Mr. Hulton in the roadway of Union Street?" The second question was in like form except that it asked if, when the plaintiff first came in contact with the mirror, he was on the sidewalk. It seems to us that in each of such questions defendants have assumed that it was undisputed that plaintiff was struck by the rear view mirror attached to the truck. Examination of the transcript reveals, however, that there was conflicting evidence, much of which was adduced by defendants, on the question of whether plaintiff was struck by the mirror. Hence the questions in their original form tended to invade the province of the jury, and we do not doubt that if they had been submitted to the jury in such form, they would have tended to mislead and confuse them. In these circumstances it is our opinion that the refusal of the trial justice to submit the questions as they were presented to him does not constitute reversible error.

Several of defendants' exceptions were taken to refusals to charge the jury as requested by them. Most of such requests were concerned with the law relating to the question of contributory negligence on the part of plaintiff if he were struck while in the street. In these instances we are of the opinion that the charge as given by the trial justice covered this question adequately and that defendants were not prejudiced by the denial of their requests.

The defendants also press an exception to the trial justice's refusal to charge the jury that it "should not be swayed by prejudice or sympathy but should render its verdict on the basis of the facts presented in court." The de-

fendants contend that because the evidence showed that plaintiff received severe injuries and was hospitalized for eighty-nine days, a refusal to specifically instruct the jury against prejudice and sympathy was error. However desirable it might be to give a jury a cautionary instruction to avoid prejudice and sympathy in its deliberations, we do not perceive that a refusal to so charge constitutes reversible error in the absence of circumstances which clearly indicate that the jury may reasonably be expected to be swayed by prejudice or sympathy. No such circumstances have been brought to our attention here, and this exception is overruled.

We have considered the defendants' other exceptions to refusals to charge as requested and find them to be without merit. We have also considered defendants' exceptions to certain portions of the charge, one of which related to the use and meaning of the mortality tables. The defendants urge that in giving this portion of the charge to the jury the trial justice was in effect testifying as to the present value of the dollar. We cannot agree with this contention, and these exceptions are overruled.

Several of defendants' exceptions were taken to the admission and exclusion of evidence. Among these were exceptions to the admission in evidence of a large diagram prepared by counsel for plaintiff. This diagram purported to show the conditions which existed in Union street at the time of the accident. Exceptions were also taken to the admission in evidence of a similar diagram attached to a police report prepared by a police sergeant who investigated the accident. It is not disputed that the large diagram prepared by plaintiff's counsel was a copy of the diagram attached to the sergeant's police report. The defendants urge that these sketches are based on hearsay and that the police sergeant in preparing the original diagram inserted symbols thereon without having any personal knowledge of the matters to which the symbols referred.

If it was error to admit these sketches in evidence, it is our opinion that it was not prejudicial to defendants. A reading of the transcript reveals a rather lengthy examination of the police officer by counsel in which the officer admitted that he had prepared the diagram on the basis of information given him at the scene of the accident and not on his personal knowledge. The record also contains remarks of the court and counsel which clearly indicate that the contents of the diagrams were based on hearsay.

The jury was present during this examination and when these remarks were made, and they must have been fully acquainted with the hearsay character of the entries made on the diagrams. The transcript also reveals that the court instructed the jury that the police report contained hearsay evidence and was not to be treated as evidence of the facts to be considered by them but merely as a report made by the police officer in the course of his business. In these circumstances we cannot agree that the jury was either confused or misled by the contents of the diagrams, and we are of the opinion that the admission of them in evidence does not constitute reversible error. We have considered defendants' other exceptions to the admission and exclusion of evidence and are of the opinion that they must be overruled.

The defendants took exception to a ruling of the trial justice permitting planitiff to amend his bill of particulars during the trial of the case. Under the amendment, evidence was introduced concerning an injury to plaintiff's ear. While a party may not as of right amend the pleadings after trial has begun, it is well settled that the matter of amendment in such circumstances rests in the discretion of the court. *The Sachem Co.* v. *Allen,* 58 R. I. 311, 312. If a defendant's ability to defend is impaired by such amendment, he may move that the case be passed. *Sarcione* v. *The Outlet Co.,* 53 R. I. 76. The defendants here did not so move and thus the only question presented is wheth-

er the trial justice abused his discretion in allowing the amendment. We do not think that he did, and the exception is overruled.

We have considered defendants' exception to the refusal of the trial justice to order plaintiff's counsel to desist from using a toy model of a tractor trailer during examination of witnesses and his argument to the jury. It is our opinion that this exception is without merit and should be overruled.

The defendants took exception to the denial of their motions for a new trial both as to the liability and on the ground that the damages awarded were grossly excessive. It is the duty of a trial justice on a motion for a new trial to exercise his independent judgment in weighing the evidence and in passing on the credibility of witnesses as to both the liability and the damages. *Martino* v. *Simonelli,* 69 R. I. 4. We have never taken the position that the trial justice must show that he made an exhaustive analysis of the evidence in the performance of his duty, but only that he so treat it that the record will inform us, however briefly, that in the exercise of his independent judgment he has weighed the evidence and passed on the credibility of witnesses.

In the instant cases the trial justice heard the argument for the motions for a new trial and also the reargument some months later. He then gave his decision from the bench. The decision as it appears in the record is admittedly brief and sketchy, but upon examining it in the light of the evidence as revealed by the transcript, we cannot say that the trial justice either misconceived or overlooked any material evidence or that he did not pass on the credibility of the witnesses. We do not think that a trial justice should be required to specifically state all of his conclusions on the evidence and the credibility. It is sufficient to satisfy the duty imposed upon him if the record indicates that he has exercised his independent judgment on

the evidence and credibility. We are of the opinion that in the instant cases the record shows that the trial justice has complied with his duty with respect to both the question of liability and of the damages and that he did not err in sustaining the verdict as to liability or in granting the motion for a new trial unless a remittitur was filed by plaintiff remitting all of the verdict in excess of $14,500.

All of the defendant's exceptions in each case are overruled, and each case is remitted to the superior court with direction to enter judgment on the verdict as reduced by the remittitur.

FLYNN, C. J., did not participate in the decision.

*Wilfrid E. McKenna, Bernard P. Campbell,* for plaintiff.

*Adler & Zucker, Martin M. Zucker,* for defendants.