JOHN F. HEAD *vs.* LEROY QUIGLEY *d.b.a.* COONEY'S GARAGE.

JANUARY 24, 1958.

PRESENT: Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an action in assumpsit arising from an agreement on the part of the defendant, an automobile dealer, to sell an automobile owned by the plaintiff. The case was tried by a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in the amount of $1,800 and costs. The case is before this court on the defendant's exceptions to that decision.

It is not disputed that plaintiff was the owner of a 1952 Pontiac automobile which, in October 1954, he left with defendant for the purpose of having it sold on his behalf. The defendant testified that in October 1954 plaintiff's automobile was worth between $1,700 and $1,800. However, he further testified that he was unable to procure a purchaser for the car until January 1955 at which time it was worth only $1,500 in the used car market. He sold the car at that price in January. The defendant also testified that he had paid plaintiff the amount of $1,500 according to their agreement.

The defendant claims that it was error for the trial justice to find that defendant had agreed to sell plaintiff's automobile for $1,800. He contends that the agreement was to sell it for what it would be worth on the market at the time of sale, and it is established by a preponderance of the evidence that when it was sold in January 1955 its value was $1,500.

The plaintiff testified that during October 1954 defendant suggested that he purchase a new car. The defendant told him that he could get $1,800 on the market for plaintiff's car. The plaintiff testified that he specifically asked defendant if he was certain he could get $1,800 and defendant said he was sure he could. The plaintiff then agreed to have defendant sell the car on his behalf and he purchased a new car.

In his decision the trial justice found for plaintiff on this issue. An examination of the transcript discloses that the evidence on such issue was in sharp conflict. It is therefore our opinion that the case comes within the scope of our well-settled rule that where the parties submit their case on the facts to a trial justice sitting without a jury, his decision is entitled to great weight and will not be set aside unless it is clearly wrong or fails to do substantial justice between the parties. *Vitullo* v. *Ambrosino,* 78 R. I. 354, 357. We have examined the transcript carefully on this issue and we are unable to say that the trial justice, who saw and heard the witnesses, an advantage which we do not have, was clearly wrong in deciding that the agreement was that defendant would sell plaintiff's car for $1,800.

The defendant seeks to persuade us that the trial justice was clearly wrong in that he either overlooked or misconceived certain evidence relating to the payment of $1,500 by defendant. He testified that he had given plaintiff a check for $1,000 dated February 15, 1955 and had made payments on plaintiff's new automobile due under a conditional sale agreement, which amounted to a total of about $500. Furthermore defendant produced a canceled check dated February 15, 1955 in the amount of $1,000 endorsed by plaintiff and also receipts for certain payments, identified as those of plaintiff, which were made on the conditional sale agreement.

On the other hand, plaintiff testified concerning numerous transactions in which he cashed checks for the convenience of defendant and he testified that the check in question was cashed by him in the course of one of those transactions. He also explained the payments on his contract of conditional sale by stating that he had given defendant the cash with which to make such payments in his behalf and that these payments were not made with defendant's funds.

The defendant argues that plaintiff himself admitted in testifying with respect to the check for $1,000 that he did not know whether he had cashed this check and retained the money for himself or whether it was one that he had cashed for defendant's convenience. The transcript reveals that plaintiff did so testify, but he also testified that this check was one involved in a transaction of cashing checks for defendant's convenience. However that may be, we do not perceive that the trial justice overlooked or misconceived this evidence in reaching his decision.

It is clear from his decision that he found that defendant, having made a claim of payment, had the burden of proving by a fair preponderance of the evidence that he had made such payment. The trial justice specifically found that defendant had failed to sustain this burden. It is the well-settled law in this jurisdiction that one alleging payment of a debt has the burden of proving by a fair preponderance of the evidence that payment was made. *Duckworth* v. *Hague*, 51 R. I. 208; *Eagle Brewing Co.* v. *Colaluca*, 38 R. I. 224. We agree with the trial justice that an examination of all the evidence makes it clear that the defendant did not sustain the burden of proof placed upon him with respect to payment. Therefore there was no error in the decision of the trial justice on such issue.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Samuel H. Brenner*, for plaintiff.

*Joseph T. Little, Francis E. Little, Jr.*, for defendant.

