MICHAEL LEMBO *vs.* ANTHONY NAPPI.

FEBRUARY 26, 1959.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. This action in assumpsit was brought to recover an unpaid balance on a promissory note. The case was heard by a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in the amount of $1,000 with interest. The case is before us on the defendant's exception to that decision.

It is not disputed that on July 28, 1950 defendant, a contractor, borrowed $3,000 from plaintiff and on that date executed a promissory note in the amount of $3,000 payable

to plaintiff four months from the date thereof. Neither is it disputed that late in January 1951 the parties formed a partnership for the purpose of building a dwelling house for speculation. It is conceded that under that agreement plaintiff was to furnish the land and capital while defendant was to furnish the labor.

The defendant contends that the note in question has been paid in full. In support of that contention he has adduced evidence tending to show that he made payments to plaintiff on account of the note as follows: $1,050 by check on September 13, 1950; $1,050 by check on October 20, 1950; $500 by check on June 8, 1951; and $500 by check on October 4, 1952. It was not disputed that $100 of these payments was in lieu of interest.

According to plaintiff's testimony, he had received the amounts of money to which defendant testified and he concedes that the two payments of $1,050 each were on account of the note upon which suit was brought. He denies, however, that the two payments of $500 each were made on account of the note, but argues that they were in fact made by defendant to him on account of transactions which arose out of the partnership agreement.

The trial justice considered this contention and found as a fact that the two payments of $500 each were made by defendant to plaintiff in the course of partnership dealings and that such payments were not intended by defendant to be applied to the debt secured by the note in question. He then rendered a decision for plaintiff in the sum of $1,000 with interest, and defendant took an exception thereto.

The defendant first contends that the trial justice misunderstood or misconceived the evidence and erroneously decided in favor of plaintiff. The controlling issue in the instant dispute is whether certain payments made by defendant to plaintiff were on account of the note upon which suit was brought or were made in the course of dealings

flowing from their partnership agreement. The trial justice found that two payments of $1,000 each were made on account of the note in question while the two payments of $500 each were made in the course of the partnership dealings.

It is the well-settled law of this jurisdiction that he who alleges payment of a debt has the burden of proving by a fair preponderance of the evidence that the payment was in fact made. *Head* v. *Quigley,* 87 R. I. 66, 138 A.2d 322; *Duckworth* v. *Hague,* 51 R. I. 208. On this issue the testimony was in sharp conflict and in a substantial degree the question turned upon the credibility of the witnesses. The trial justice found that, notwithstanding defendant's testimony to the contrary, the $500 payments were not made on account of the note. He saw and heard the witnesses testify, an advantage which we do not have.

It is our well-recognized rule that where a trial justice sitting without a jury reaches a decision based upon conflicting evidence, his decision will be given great weight by this court and will not be disturbed unless it is clearly wrong and fails to do substantial justice between the parties. *Sal's Furniture Co.* v. *Peterson,* 85 R. I. 203, 133 A.2d 770.

After examining the transcript with this rule in mind, we cannot say that the trial justice was clearly wrong or that the decision failed to do justice between the parties.

There remains defendant's contention that the award of damages was excessive by the amount of $500. He argues that plaintiff admitted in his bill of particulars that the payment of $500 made on October 4, 1952 was on account of the note in issue. However, the trial justice found from the basis of testimony adduced by plaintiff that such payment arose in the course of the partnership business.

The defendant argues that plaintiff is bound by the specifications concerning payments as set out in his bill of particulars and therefore the award of damages in excess

of $500 was improper. It is the well-settled law of this state that a party is bound by the specifications made in his bill of particulars. *Jackson* v. *Choquette & Co.*, 78 R. I. 164; *Siravo* v. *C. J. Ehrlich, Inc.*, 60 R. I. 150. Recognizing the validity of the rule above stated, we are of the opinion that in this particular case defendant should not have the benefit thereof for two reasons. In the first place, he pleaded the general issue and specially pleaded payment. A plea of payment in an action to recover would place the burden of proof upon the defendant. *Head* v. *Quigley, supra.* It is too well settled to require citation of authority that one is not entitled to a specification of particulars with respect to a matter upon which he has the burden of proof. For that reason we feel that defendant was not entitled to be given a specification of payments in a bill of particulars.

A further reason for rejecting the defendant's contention flows from the fact that at the trial he made no objection to the introduction of evidence contradicting the specifications of the bill relating to the payment of October 4, 1952. Therefore since there is no exception in the record to any ruling relative to the introduction of evidence which contradicted the contents of the bill of particulars, the matter may not now be raised in this court for the first time. We think that the interests of justice require that a defendant object to the admission of testimony contradicting a specification contained in a bill of particulars at the time it is proffered so that the plaintiff may amend his bill in order to properly prove his case. See *Hulton* v. *Phaneuf*, 85 R. I. 406, 132 A.2d, 85, 90.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*J. Joseph Nugent, Francis D. Fox,* for plaintiff.

*Charles A. Curran,* for defendant.