CLAIRE A. CAMPBELL *vs.* GINO J. DIIORIO.
EDWARD H. CAMPBELL *vs.* GINO J. DIIORIO.

NOVEMBER 25, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

142

ROBERTS, J.   These two actions of trespass on the case for negligence were brought by a wife and her husband to recover damages for personal injuries and damage to the wife's automobile arising out of an intersection collision. The cases were tried together before a justice of the superior court sitting with a jury and resulted in a verdict for the defendant in each case.   A motion for a new trial was denied in each case, and the cases are here on the plaintiffs' bills of exceptions to such denial and to certain evidentiary rulings.

On January 16, 1956 the plaintiff wife was operating her car northerly on Rugby street in the city of Providence with her husband as a passenger.   At the intersection of that street with Baker street her car was in a collision with one owned by defendant and operated by his wife.   Traffic on Rugby street was controlled by a stop sign at the intersection.

The speed of each car, whether or not the plaintiff wife stopped at the stop sign, the location of her car with respect to the center line of the road as she entered the intersection, and even the existence or nonexistence of skid marks are all in dispute.

The plaintiffs first argue that the trial justice erred in denying their motions for new trials.   As this court pointed out in *Hulton* v. *Phaneuf*, 85 R. I. 406, 132 A.2d 85, it is the duty of the trial justice on a motion for a new trial to exercise his independent judgment on the weight of conflicting evidence and the inferences that reasonably could be drawn therefrom.   Here the circumstances are such that the credibility of the witnesses becomes of prime importance to the trial justice in exercising his judgment on the merits of the case.   On this point he had the benefit of ob-

serving the witnesses and hearing them testify. After a careful examination of the transcript, we cannot say that the trial justice either misconceived or overlooked any material evidence or was clearly wrong in refusing to grant new trials. We are of the opinion that the record shows that he complied with his duty.

It is further argued by plaintiffs' that the trial justice erred in denying the plaintiff husband's motion for a new trial, contending that there was no evidence from which the jury could have found defendant free from negligence. In our opinion this contention is without merit. There was a substantial conflict in the evidence relating to the question whether defendant was negligent, and it is clear from the record that the trial justice gave a correct and lucid instruction to the jury on the distinction that would underlie a determination of defendant's liability in the case of each plaintiff. On this state of the evidence and in the light of that instruction, we think that the trial justice was warranted in inferring that the jury found defendant free from negligence in each case.

Several of plaintiffs' exceptions were taken to the admission and exclusion of evidence. Among these was the admission in evidence of a rough pencil drawing of the intersection of Rugby and Baker streets. This diagram was prepared by counsel for defendant and was intended to show the approximate locations of the cars after the collision in relation to the intersection. If it was error to admit this diagram in evidence it is our opinion that it was not prejudicial to plaintiffs. Exactness was not claimed, nor was there any contention that it was an accurate picture of the surrounding area. In these circumstances we cannot agree that the jury was either confused or misled by the contents of the diagram, and we are of the opinion that its admis-

sion in evidence does not constitute reversible error. *Hulton* v. *Phaneuf*, 85 R. I. 406, 415, 132 A.2d 85, 90.

We have considered plaintiffs' other exceptions to the admission and exclusion of evidence and are of the opinion that they are without merit. We will deal specifically only with the more important issues presented.

The plaintiffs have excepted to the trial justice striking the evidence of a telephone conversation purportedly made by a defense witness to the plaintiff Claire A. Campbell. The principles regarding telephone conversations are well settled. Where the identity of the speaker is established, the telephone conversation may be admitted in the same manner and with like effect as conversations between individuals face to face. See 20 Am. Jur., Evidence, §365, p. 333, and *Donahue* v. *Reiner Co.*, 46 R. I. 302. In this instance there was no identification made of the voice speaking on the telephone to Mrs. Campbell, nor was there proof that she could identify the voice as being that of the witness. The testimony was properly stricken.

The plaintiffs have also excepted to the admission on behalf of the defendant of a typewritten statement admittedly signed by Mrs. Campbell. At the trial she attacked the accuracy of the statement, claiming that it was obtained by a man who arrived at her home at the dinner hour when she was unable to pause from her work to read it thoroughly. It is our opinion that the statement was properly admitted in evidence. The attack on its accuracy by the plaintiffs must go to the weight to be accorded the document by the jury rather than to its admission. *Roy* v. *Weiner*, 70 R. I. 238. The fact that the defendant failed to produce the man who obtained the statement was also a factor to be considered by the jury in giving weight to the exhibit. The admission of the document in evidence was not erroneous.

In each case all of the plaintiff's exceptions are overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Paul & Motta, Alfred E. Motta,* for plaintiffs.

*Boss, Conlan, Keenan, Bulman & Rice, John T. Keenan, James M. Shannahan,* for defendant.