PHILIP A. CIACCIO *vs.* NORFOLK AND DEDHAM MUTUAL FIRE INSURANCE COMPANY.
THERESA CIACCIO *vs.* NORFOLK AND DEDHAM MUTUAL FIRE INSURANCE COMPANY.

MARCH 3, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

380

POWERS, J. These two actions of trespass on the case were brought under the provisions of general laws 1956, §§27-7-1 and 27-7-2, by a husband and wife to recover from the defendant insurance company on unsatisfied judgments previously obtained against an insured of the defendant. They were tried together before a justice of the superior court sitting without a jury and resulted in decisions of $840 for the husband and $984 for the wife. The cases are here on the defendant's bills of exceptions to the decisions and to the award of $100 in each case in excess of the original judgment against the defendant's assured. The only exception which we will consider is to the decision.

It appears from the record that on November 17, 1957 defendant had in force a policy of liability insurance covering Rudolph J. Blanchette; that on that date an automobile owned by the insured collided with the automobile in which plaintiffs were riding; that as a result of the collision they suffered personal injuries and property damage; that they prosecuted their claims against Blanchette; and that pursuant to the terms of the policy, he was required to cooperate with the company and to assist in making settlements, and securing and giving evidence. It further appears that Blanchette from the very beginning of the controversy has maintained that he was not the operator of the motor vehicle; that he did not know who the operator was; that his automobile had been stolen by some person unknown to him; that relying on these statements the present defendant undertook to represent Blanchette in the negligence actions, but received permission of the court prior to the trial to withdraw when defendant became convinced that Blanchette was, in fact, the driver; that the jury in the negligence cases found that Blanchette was

liable to plaintiffs; and that judgments were rendered on the verdicts and remain unsatisfied.

In the instant statutory actions, defendant's plea set out the cooperation clause of the policy and alleged that such clause was violated by Blanchette, and that defendant was thereby released from continued liability by reason of Blanchette's untruthful representations that he was not the operator of the automobile at the time of the accident.

At the trial of the instant cases defendant was permitted by agreement to add a general denial of the declaration without any exception thereto being taken. The trial justice further permitted defendant to introduce the complete transcript of the testimony in the negligence actions, to which plaintiffs excepted, but that exception is not before us since plaintiffs have prosecuted no exceptions of their own. However, plaintiffs urge that since a replication to defendant's plea put defendant on its proof as to the terms of the policy, its failure to introduce the policy or any testimony as to the terms thereof leaves plaintiffs without any obligation to establish cooperation.

The defendant's counsel in oral argument before us confessed surprise at this contention in view of what he interpreted as an admission by counsel for plaintiffs in his opening statement at the trial in the superior court wherein he stated, "Now, we have filed a declaration to which there is a special plea, and the defense, according to the special plea, your Honor, is that Blanchette did not cooperate according to the contract. I think we can agree in this case that Blanchette was covered by the defendant company on the date in question, November 17, 1957, covered by a liability policy; that the policy did provide that he had to cooperate."

We agree with defendant that the ordinary meaning of this statement was that plaintiffs conceded that Blanchette was under a duty to cooperate with the defendant company in order to benefit from the policy and that plaintiffs were

in no better position than Blanchette. In addition, the first witness called by plaintiffs was the insured himself and that was for the purpose of establishing his cooperation. For these reasons plaintiffs' contention in this regard is without merit.

The defendant calls attention to the following language in the decision as indicative of error: "There is no doubt about it, the verdict was for the plaintiffs in both of those cases, and, of course, the defendant argued that as a result of that verdict the jury as much as said that the defendant was driving and that was contrary to what was in the insurance policy. But here we are trying this particular case on its merits and the insured in this particular case testified that he complied with the insurance company's demands in every way. *He cooperated with them in every way, and there is no testimony here to contradict that as far as we can find * * *.*" (italics ours)

It appears that the trial justice, as did counsel for plaintiffs, misconceived consistency as tantamount to truth, or in the alternative that he completely overlooked the conflicting testimony in the negligence case on the issue of whether Blanchette was actually the operator. In either event we are constrained to hold that his decision was in error.

The duty of an insured to cooperate with the insurer was discussed in *Buckner* v. *Buckner,* 207 Wis. 303, in the following language, at page 310, which presents the reasons behind the clause: "It is quite apparent that if the insurer is to prepare an adequate defense in cases of contested liability or make a just settlement, it must have from the insured a complete and truthful statement of the facts made in a spirit of co-operation and helpfulness by the insured, who is, in many cases at least, the only source of information available to the insurer. This is not to say that any slight error in the statement of facts or failure to disclose some collateral fact will necessarily be held to amount to a

384

breach of the contract, but the withholding of information, the making of untruthful statements, and the concealing of necessarily relevant and material facts can have but one purpose and that is to help the claimant rather than the insurer."

Similarly, this court stated in *Marley* v. *Bankers Indemnity Ins. Co.*, 53 R. I. 289, at page 292, "The insured is bound by the terms of the policy to give in good faith a truthful statement of the accident so that the insurer may be placed in a position to determine whether to defend an action or make a settlement." We held in the *Marley* case that mere inconsistency in statements given to the insurer with those given later at the trial does not establish a lack of cooperation as a matter of law, but rather, where an explanation for such inconsistency appears, the question is one for the trier of facts.

In the instant cases we have an insured who has always told the same story and for this reason plaintiffs contend that in view of the *Marley* case there can be no question of cooperation. We cannot agree that a client, whether of an insurance company or of any lawyer for that matter, can be said to have cooperated and assisted in his defense merely because he persisted in a false story to the conclusion of litigation. While it is true that falsehoods are often exposed by discrepancies or inconsistencies in the statements of the witness himself, quite often the truth must be established by independent evidence, and the stubborn refusal to abandon an untruth so exposed cannot enhance its dignity. Therefore truthful rather than consistent testimony is the test of cooperation, and when the trial justice stated that there is no testimony to contradict Blanchette's cooperation he clearly overlooked and obviously failed to weigh a considerable amount of testimony in the transcript of the negligence actions, which, by reason of its introduction in the instant cases, was his duty to consider.

In each case the defendant's exception to the decision is

sustained, and on March 11, 1960 the plaintiffs may appear before this court to show cause, if any they have, why the cases should not be remitted to the superior court with direction to enter judgment for the defendant.

### On Show Cause Hearing.
#### MAY 20, 1960.

PER CURIAM. In the above-entitled cases, pursuant to our opinion heretofore filed, the plaintiffs through their attorney appeared to show cause why the cases should not be remitted to the superior court with direction to enter judgment for the defendant.

Their counsel argued that in considering defendant's exceptions we overlooked the fact that the trial justice, before whom the cases were tried without a jury, was the same justice who presided at the jury trial in the negligence actions against defendant's assured Rudolph J. Blanchette. He further contended that in these circumstances the trial justice was familiar with and considered the evidence in all the cases, including the conflicting evidence on the issue whether Blanchette was operating the motor vehicle in question at the time of the accident.

Upon consideration we are of the opinion that sufficient cause has been shown to create the possibility of a misunderstanding of the bases upon which we relied in our opinion as filed. Therefore we have concluded that the issues in question may be definitely resolved by affording the parties an opportunity to reargue the cases on the briefs as submitted and such further memoranda as they desire to file in support of their contentions.

The cases are accordingly assigned to October 3, 1960 for such reargument.

*Paul & Motta, Alfred E. Motta,* for plaintiffs.

*Gunning & LaFazia,* for defendant.