## Industrial National Bank of Providence *vs.* Frank Adesso.

OCTOBER 24, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This action of assumpsit was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff. The case is before us on the defendant's exceptions to such decision and to certain evidentiary rulings.

The action is based on a balance allegedly due on the purchase of an automobile by defendant on the deferred payment plan under a conditional sale agreement signed by him on July 23, 1955 and assigned to plaintiff by the automobile dealer on July 28, 1955. Said agreement is in evidence as plaintiff's exhibit 1. It bears plaintiff's "Account Number 20048" and is marked "Corrected copy." For the sake of clarity we shall hereinafter refer to said agreement as account No. 20048.

Account No. 20048 recites a sale price of $3,050, a cash payment of $1,000, and a total deferred balance, including finance and insurance charges, of $2,761.20, payable in thirty-six monthly installments of $76.70 each. The plaintiff presented evidence from its records indicating that five monthly payments of $76.70 had been made on said account, the last on January 16, 1956. It claims an unpaid balance due thereunder in the sum of $2,377.70.

The defendant filed a plea denying said indebtedness and also a plea in setoff and counterclaim for a refund of interest and other charges allegedly due him on the basis of his claim that he had paid said indebtedness in full prior to the due date. He denied making any monthly payments of $76.70 each. He testified that he made three monthly payments of $80.50 each in the fall of 1955 and a final payment of $2,656.50 to one of plaintiff's bank tellers in the middle of January 1956. He testified that she gave him a receipt for such amount and told him the bank would mail him a check for the refund to which he was entitled, but he could not produce such receipt because he stated it was lost when his wallet was stolen.

To support his claim of payment defendant introduced certain documents which he had received by mail from plaintiff indicating that the indebtedness represented by such documents had been paid in full. It appears from the evidence that prior to the signing of account No. 20048 by defendant he had signed another conditional sale agreement involving the same automobile and the same dealer. Said agreement is in evidence as defendant's exhibit "A," and bears plaintiff's "Account Number 19987." We shall hereinafter refer to the same as account No. 19987.

Account No. 19987 is dated July 21, 1955 and was assigned by the dealer to plaintiff on July 25, 1955. It recites a sale price of $3,200, a down payment of $925, and a total deferred balance, including finance and other charges of $2,898 payable in thirty-six monthly payments of $80.50 each. It appears from the evidence that shortly after signing account No. 19987 defendant returned to the dealer and complained that the figures on said agreement were not correct. As a result of said complaint a second conditional sale agreement, account No. 20048, was signed by defendant.

The documents which defendant presented as evidence of payment included account No. 19987 and a form letter from plaintiff relating to said account. The form letter, which is in evidence as defendant's exhibit D, and a copy thereof, which is also in evidence as plaintiff's exhibit 9, indicate by markings thereon that account No. 19987 was paid in full. It appears that this letter was dated January 13, 1956. The plaintiff concedes that it mailed said letter to defendant and that it enclosed therewith account No. 19987 stamped "Paid Jan 16 1956 Industrial National Bank of Providence Installment Loan Dept." It also admits that other documents connected with account No. 19987 were enclosed therewith.

However, plaintiff presented both oral and record evidence to explain the markings on said documents and to

disprove defendant's claim of payment in full. The plaintiff's evidence in substance is that account No. 19987 and the other documents relating thereto had been erroneously marked paid; that account No. 20048 had been substituted for account No. 19987; that account No. 19987 should have been marked "cancelled"; and that there had been no payment of the balance due.

After the hearing the trial justice filed a well-reasoned decision in which he carefully reviewed and analyzed the contradictory contentions of the parties. He placed great weight on the plaintiff's evidence and upon the credibility of its witnesses. On the other hand he stated that defendant's evidence was worthy of little credence. In addition he found that defendant made a payment to plaintiff on account No. 20048 on January 16, 1956 in the sum of $76.70. He also found as a fact that the final closing entries concerning account No. 19987 were set in motion in December 1955, and that the form letter to which reference has been made was prepared on January 13, 1956.

It is clear from these findings that he adopted plaintiff's version of what had actually happened and that he gave no weight to defendant's evidence on the issue of payment. In accordance with such findings he entered a decision for plaintiff for the full amount of its claim and denied defendant's counterclaim.

The defendant contends that the trial justice committed prejudicial error in certain evidentiary rulings and that he misapplied the law on the question of burden of proof on the issue of payment. We have carefully examined all of the exceptions which defendant has briefed or argued with respect to the evidentiary rulings which he contends were prejudicial. After a careful examination of the entire record we are convinced that defendant was not prejudiced by any of such rulings. We are therefore compelled to conclude that the exceptions in question are without merit and require no further discussion.

420

Exception 17 is to the decision. Under such exception defendant argues that the trial justice misapplied the law on the question of burden of proof on the issue of payment. The defendant concedes the well-settled rule that in an action for money the burden of proof of payment is on the party alleging payment as a defense. See *Duckworth* v. *Hague,* 51 R. I. 208, and *Head* v. *Quigley,* 87 R. I. 66, 138 A.2d 322. But he argues that his introduction of the documents marked "paid" required plaintiff to go forward with evidence to explain or disprove the truth or accuracy of the statements contained therein. In support of such contention he cites *Eagle Brewing Co.* v. *Colaluca,* 38 R. I. 224. The trial justice accepted defendant's interpretation of the *Colaluca* case on this issue. The defendant's contention that the trial justice misapplied the law on this issue is therefore without merit. Implicit in the trial justice's conclusion that plaintiff had by a fair preponderance of the evidence sustained its burden of proof necessary to establish its case is a finding that it had satisfactorily explained its error in marking the documents in question "paid." In other words the trial justice was satisfied that plaintiff had met the test of the *Colaluca* case.

The instant exception also raises the question whether the ultimate findings of the trial justice are against the weight of the evidence. It is well settled that findings of fact by a trial justice sitting without a jury, based upon conflicting evidence, are entitled to great weight and will not be disturbed, unless such findings are clearly wrong and fail to do substantial justice between the parties. *Bruin Paper Box Inc.* v. *Anthony Creations, Inc.,* 84 R. I. 495. The defendant has the burden of persuading this court that the decision of the trial justice is against the weight of the evidence.

The evidence on the issue of payment is in conflict, thus raising a clear question of fact for the determination of the trial justice. His findings of fact upon the clearly con-

flicting evidence depended to a great extent on the credibility of the witnesses and the reasonableness and probability of their testimony. He had the advantage of seeing and hearing the witnesses, which is of great assistance in passing upon credibility and the weight which should be given to the testimony. He concluded that the plaintiff's evidence not only supported its claim but that it also seriously impeached the defendant's version of what actually happened. In addition he indicated very strongly that he had little confidence in the defendant's testimony.

From our examination of the record, we cannot say that the trial justice was clearly wrong or that his decision failed to do justice between the parties. His findings of fact were supported by competent evidence, he applied the correct law, and, therefore, in accordance with our well-established rule his decision should not be disturbed.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Hinckley, Allen, Salisbury & Parsons, Stephen B. Ives, Jr.,* for plaintiff.

*Maurice W. Hendel,* for defendant.

