PHILIP A. CIACCIO *vs.* NORFOLK AND DEDHAM
MUTUAL FIRE INSURANCE COMPANY.
THERESA CIACCIO *vs.* NORFOLK AND DEDHAM
MUTUAL FIRE INSURANCE COMPANY.

NOVEMBER 28, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J. Pursuant to our opinion in the above-entitled cases, *Ciaccio* v. *Norfolk & Dedham Mutual Fire Ins. Co.*, 90 R. I. 379, 158 A.2d 277, sufficient cause having been shown by the plaintiffs to create the possibility of a misunderstanding of the bases upon which we relied in our opinion as filed, the cases were assigned to October 3, 1960 for reargument. *Id.*, 90 R. I. 385, 160 A.2d 722. On that date they were fully argued and briefs and memoranda filed by both parties.

The plaintiffs urged this court to re-examine the record and the decision of the trial justice in the light of a special circumstance which in our original opinion we failed to consider, to wit, that the same trial justice who presided at the trial of the negligence actions also tried the instant actions, and was familiar with and considered all the evidence in each. They contended further that the language of the trial justice, on which we based our determination that he had overlooked the testimony contradicted the positive assertions of Rudolph J. Blanchette, defendant's assured, that the car had been operated by another, actually indicated the trial justice's conviction that there was an absence of evidence that Blanchette was not telling the truth.

Clearly there was evidence which if believed would contradict Blanchette, but we overlooked the fact that the trial justice was aware of it and was not giving it credence. We say this frankly, at the same time pointing out that the language of his decision is not so clear on this point

as it might be. With this understanding of the record we are bound in reviewing such decision to keep in mind the trial justice's advantage of having observed the witnesses as they testified. Moreover we do not overlook the fact that in the cases at bar defendant had the burden of establishing the falsity of Blanchette's testimony.

Blanchette's positive averments were to the effect that his car was locked in his garage; that he had lost the keys to both the auto and the garage when his key chain broke; that at the time of the accident he was asleep at his home; that he was unaware his car had been removed from the garage until he went to show it to the police, at which time he also discovered that the keys thereto were missing; that after releasing him the next morning the police did not press charges of any kind against him for the incident; that he had no knowledge as to who drove the car; that although he had consumed five or six small glasses of beer on the day in question he was not intoxicated; and finally that the auto was later found in a damaged condition.

Blanchette's testimony relating to his activities up to 5:30 p.m. was corroborated by Vincent A. Ardente, who stated that Blanchette was in "good condition" at that time when he observed him drive his auto towards his home approximately ninety minutes prior to the time at which plaintiffs fix the accident.

By way of contradiction, plaintiffs identified Blanchette as the operator and the plaintiff wife testified that certain teenage bystanders called out "Rudolph Blanchette, it's Rudolph Blanchette." While the latter exclamation was pure hearsay, there was no objection interposed and the evidence may well have been accorded great weight by the jury.

While the trial justice in the negligence actions, sitting with a jury, could not upset their findings merely because he would have reached a different conclusion, *Allen* v. *Pepin,* 74 R. I. 144, it should be noted that when he is the

sole trier of the facts, as in the cases at bar, it is his prerogative to examine the same conflicting testimony and, if in his opinion justice so requires, he may draw his own conclusion therefrom. *Lembo* v. *Nappi*, 88 R. I. 355, 148 A.2d 520. He was apparently unimpressed with the aforementioned objectionable hearsay identifications of Blanchette. Similarly he may well have considered that the failure of plaintiffs to identify Blanchette for the police detracted from the weight to which their testimony was entitled at the instant trial some fourteen months later.

Based on this review of the conflicting evidence, we cannot say that his decision is clearly wrong and hence it will not be disturbed. *Milner* v. *250 Greenwood Ave. Corp.*, 78 R. I. 5. The defendant's exception to the decision is overruled.

It now becomes necessary to consider defendant's exception to an award of $100 in each case in excess of the verdicts recovered against the insured in the jury trial. Under the terms of general laws 1956, §27-7-1, it is provided as follows: "Every policy hereafter written insuring against liability for property damage or personal injuries or both, and every policy hereinafter written indemnifying any person by reason of such liability, other than payment of compensation under chapters 29 to 38, inclusive, of title 28, shall contain provisions to the effect that the insurer shall be directly liable to the injured party and, in the event of his death, to the party entitled to sue therefor, to pay him the amount of damages for which such insured is liable." General laws 1956, §27-7-2, provides that action may be brought against the insurer to enforce the liability established in §27-7-1 under appropriate circumstances.

The record does not disclose the basis for these awards and we are not disposed to speculate on how the trial justice determined them. Suffice it to say that we can conceive of no theory on which he could increase the amount of ·

498

damages resulting from the collision which had been determined by a jury in the original negligence actions. See 30A Am. Jur., Judgments, §321, p. 369. If, as suggested by the defendant, the awards constituted counsel fees, this is error since under the statute the insurer is liable only for "the amount of damages for which such insured is liable" and by no theory could it be held that Blanchette is liable for the plaintiffs' counsel fees. See *DePasquale* v. *Union Indemnity Co.*, 50 R. I. 509. The defendant's exception to any award in excess of the verdict in the negligence actions is sustained.

In each case the plaintiff having shown cause why judgment should not be entered for the defendant, each case is remitted to the superior court for entry of judgment for the plaintiff in accordance with this opinion.

Condon, C. J. and Frost, J., dissent.

*Paul and Motta, Alfred E. Motta*, for plaintiffs.

*Gunning & LaFazia*, for defendant.