MANUFACTURERS SUPPLY CO., INC. *vs.* WILLIAM MULLINS.
MANUFACTURERS SUPPLY CO., INC. *vs.* WILLIAM MULLINS, SR.

FEBRUARY 9, 1961.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. These are actions of replevin and trover which were tried together before a justice of the superior court. They are here on the plaintiff's bills of exceptions to a decision in its favor in the first action and to a decision in the defendant's favor in the second. The reason why the plaintiff claimed to be aggrieved by the decision in its favor will hereinafter appear.

The cause of action in each case arose out of the following undisputed facts. On May 22, 1959 plaintiff notified the police department of Providence that its Oldsmobile sedan had been stolen. The police thereupon found it abandoned on a vacant lot in Waldo street in that city. At their request defendant towed it to his garage. Upon being informed thereof by the police, plaintiff on May 23 made a demand for the return of the sedan which defendant refused unless he was paid $5 for towing and $1 for storage. As a result of such refusal plaintiff replevied the sedan on June 2, 1959 and thereafter on June 16 commenced an action of trover.

The declaration in the replevin action is in the usual form and contains an averment of damages in the sum of $2,000. The declaration in trover is in two counts, the first in the usual form and the second so framed as to charge defendant with larceny, apparently for the purpose of claiming punitive damages pursuant to G. L. 1956, §§9-1-2 and 11-41-2. After it filed that declaration plaintiff moved for leave to file an amended declaration in the replevin action which contained two counts identical to those in the declaration in trover. This motion was denied and plaintiff ex-

cepted to such denial. This exception and another to the decision because the trial justice refused to award it damages for the taking of the sedan are the only exceptions in its bill of exceptions and constitute the sole basis for its claim that it is aggrieved by such decision.

To the declaration in the trover action defendant pleaded the general issue and also filed a special plea to the effect that plaintiff's sedan having been restored to it by the writ of replevin prior to the commencement of the trover action, it ought not to have or maintain such action. The plaintiff filed a demurrer thereto which was overruled and thereafter it filed a replication and proceeded to a trial on the merits of the issues thus raised.

The plaintiff takes nothing by its exception to the ruling denying its motion to amend the declaration in replevin. It is settled that such a motion is addressed to the trial justice's discretion and no exception lies to his denial or granting thereof except for abuse. *Hebert* v. *Handy*, 28 R. I. 317; *Salisbury* v. *O'Brien*, R. I., 124 Atl. 265; *Hulton* v. *Phaneuf*, 85 R. I. 406, 132 A.2d 85. The plaintiff concedes this is so but argues that it is an abuse of such discretion where the court "in effect, throws out a trover action on the ground the claimed damages may be recovered in a pending replevin action, and then denies the plaintiff leave to claim such damages in the replevin action * * *."

The difficulty with this argument is that it inverts the order in which the rulings complained of were made. The superior court did not throw out the action of trover and then deny leave to amend the declaration in replevin. On the contrary one justice of that court first denied plaintiff leave to amend the declaration prior to trial of that action on the merits and thereafter at such trial another justice decided against plaintiff in the action of trover because it had a full opportunity to prove its damages in the prior action of replevin. In our opinion it is wholly beside the point to claim that the justice who denied leave to amend

abused his discretion because of the trial justice's later decision "throwing out" the action of trover. The exception to the denial of the motion to amend the declaration in replevin is, therefore, overruled.

Under its second exception plaintiff contends that the trial justice erred in refusing to award it damages for defendant's taking and detention of the sedan from May 23 until June 5, 1959 when the superior court ordered it restored. It does not appear from the evidence that plaintiff proved any actual damage. The trial justice found that there was none and from our consideration of the record we cannot say that he was clearly wrong. On the contrary we think the facts show that if defendant was guilty of any wrongful taking or detention of plaintiff's property it was merely technical and the damage if any was so minimal as to call for the application of the maxim de minimis non curat lex. The second exception is therefore overruled.

In the trover action plaintiff's sole exception to the decision for the defendant is based upon the same ground as above and has been so argued in its brief together with its second exception to the decision in replevin. For the same reason, therefore, we find it to be without merit and it is overruled.

All of plaintiff's exceptions are overruled, and each case is remitted to the superior court for entry of judgment on the decision.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Anthony E. Grilli,* for defendant.