JAMES B. LOUGHRAN *vs.* ANGELO DELSANTO *et al.*

DECEMBER 14, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of assumpsit which was tried in the superior court and resulted in a verdict for the plaintiff in the sum of $1,118. The trial justice denied defendants' motion for a new trial if plaintiff would remit all of the damages in excess of $720. The plaintiff duly filed such a remittitur and defendants have brought the case here on a bill of exceptions to the denial of their motion and to certain rulings on the admission of evidence.

The declaration is in three counts, namely, breach of contract, book account, and the common counts. It was made more definite by a bill of particulars as follows:

> "To First and Third Counts of Declaration:
>
> For repudiation of contract for instal-
> lation of artesian well, including work
> done in hauling and setting up of deep
> well rig, welding and preparation of
> pipe for driving and loss of profit                    $1100.00

> To Second and Third Counts of Declaration:

| | | |
|---|---:|---:|
| 3 wells at $175. each | $525.00 | |
| 1 well (where clamshell started) | 150.00 | |
| 1 well (where tile is) | 50.00 | |
| for pumping well and cementing | 35.00 | |
| driving point 32 feet on | | |
| King's property | 35.00 | |
| 1 4′ well on King's property | 175.00 | |
| 24 hours pumping out cellars | | |
| at $2. per hour | 48.00 | |
| | $1018.00 | |
| Paid on Account | 200.00 | |
| Balance Due | $ 818.00 | $ 818.00 |
| | Total | $1918.00" |

At the conclusion of the evidence plaintiff was adjudged nonsuit as to defendant Angelina DelSanto on the ground

that there was no evidence of any contractual relation between her individually and the plaintiff. The jury returned their verdict against the remaining defendants Angelo DelSanto and Del's Construction Company, of which Angelo was the president and Angelina was the treasurer. They assessed the damages on the first count at $300, and on the second count at $818. The trial justice, however, directed that one verdict be entered for $1,118. Later in considering defendants' motion for a new trial he reduced it to $720 because he found that the evidence warranted an award of not more than $220 on the first count and $500 on the second and third counts.

The defendants have briefed and argued only their exceptions to the admission of certain expert testimony by plaintiff's witness Alexander Zinn and to the denial of the motion for a new trial. All other exceptions are deemed to be waived. The defendants argued and briefed their exceptions relating to Zinn's testimony collectively and we shall treat them in the same manner.

Zinn testified that he had been a well digger for thirty years; that during part of that time he was a partner of his brother-in-law in the well-digging business; and that he had personally dug so many artesian wells he could not recall the number. Over defendants' objection he was allowed to give his opinion of what would be a fair price for a four-inch artesian well of the kind which plaintiff had dug for defendants and on which the witness had actually worked. He was also allowed to testify as to whether a certain well-digging rig, which plaintiff intended to use in digging a six-inch artesian well for defendants and which he, Zinn, had never operated, was capable of doing that job. The defendants contend that the preliminary testimony did not qualify the witness as an expert on those matters. In support of their contention they point to his testimony in cross-examination which they assert showed that he was scarcely more than a common laborer

and without business experience in estimating the costs of well digging.

The qualification of an expert witness rests in the discretion of the trial justice and this court will review the exercise of such discretion only for abuse. *Baffoni* v. *Baffoni*, 77 R. I. 232, 74 A.2d 857. The defendants concede this is the law but argue that on the facts here the trial justice clearly abused his discretion. We cannot agree with that contention. Before his cross-examination disclosed the limited nature of Zinn's experience in what may be called the business side of well digging his preliminary testimony indicated, at least prima facie, a knowledge of the business sufficient to warrant the exercise of the trial justice's discretion. The deficiency in such knowledge, which was not developed until later in cross-examination, did not invalidate his prior rulings as to the admissibility of Zinn's testimony but went rather to its weight and to Zinn's credibility. In that connection we think that when the jury came to consider and weigh such testimony defendants could not have been prejudiced by the trial justice's rulings. The defendants' exceptions thereto are overruled.

Under their exception to the denial of their motion for a new trial defendants contend that the verdict, not merely as to the damages but as a whole, was contrary to the weight of the credible evidence and that the trial justice's decision approving it was clearly wrong. In considering that contention we have carefully examined the evidence and find it so sharply conflicting that the controversy between the parties resolves itself into a question of the comparative credibility of the plaintiff and the defendant Angelo DelSanto.

The plaintiff testified in support of his first count that defendants entered into an oral contract with him for a six-inch artesian well on their land in Barrington; that he quoted a price of $6 a foot for the work but agreed to do it for $4.40 a foot with the understanding that defendants

would supply the necessary six-inch pipe for the job; and that this was agreed to by defendant Angelo DelSanto who, in plaintiff's presence, ordered such pipe from defendants' supplier. He further testified that to do this work he brought a large rig on defendants' land; that when he was ready to dig defendant Angelo DelSanto ordered him off the land; and that thereafter another well digger was hired and brought in a well at a depth of 250 feet. The plaintiff testified that his profit on such a well after allowing for wages of labor and costs of materials used in the operation of the rig would have been $1,000.

The defendant Angelo DelSanto's testimony was in the main a categorical denial that he had ever hired the plaintiff for that job. On the contrary, according to his testimony, he was so dissatisfied with certain other smaller wells which plaintiff had previously dug for defendants that he told him they would not do any more business with him.

The testimony on the second and third counts was almost as conflicting. The plaintiff testified that defendants hired him to dig three four-inch artesian wells at $175 each; to complete one of the same type, which another well digger had started, for $150; and to do certain miscellaneous jobs as described in the bill of particulars. He further testified that he had completed all of this work and had billed defendants for it at the above rates but that they had paid him only $200 in four payments of $50 each and had refused to pay the balance of his bill.

The defendant DelSanto testified that plaintiff was hired to dig four wells at a price of $50 each; that he was not hired to do any other kind of work; and that he had been paid for each well when it was completed. He further testified that plaintiff's work was not satisfactory and that he was told defendants would not hire him to dig any more wells for them. On cross-examination he admitted that he saw plaintiff's workmen doing the other odd work described in the bill of particulars but he insisted that defendants had never hired plaintiff to do such work. He did not

deny that he had given his supplier an order for six-inch pipe as stated by plaintiff in his testimony.

This is necessarily but a brief summary of the main conflict in the evidence, but it serves to illustrate how radically divergent it was and how preponderantly the element of credibility of the witnesses must have weighed in the minds of the jury and the trial justice in resolving the conflict. Here there is no confusion or misunderstanding about mere details of little or no consequence. Obviously one of these parties is not entirely truthful. The trial justice apparently did not believe plaintiff on the question of damages but he did not believe defendant DelSanto at all. In his decision, it is true, he is uncomplimentary to plaintiff in some respects but he is even more uncomplimentary to defendant DelSanto and makes it clear that he does not credit his testimony on any of the counts and especially on the first count.

In the circumstances the trial justice's decision must stand unless there is something in the record which clearly shows that he was mistaken in his judgment of the credibility of the witnesses. We have carefully examined the transcript and we find nothing therein which would warrant us in saying that he was mistaken in that respect or in his reliance upon what he deemed the more credible evidence. On the question of defendants' liability the record amply supports the trial justice and in the matter of damages it is also sufficient to support the verdict as reduced by the plaintiff's remittitur. In our opinion the trial justice did not err in denying defendants' motion for a new trial and the exception to his decision is overruled.

All of the defendants' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

*David B. Lovell, Jr.,* for plaintiff.

*James E. Flannery,* for defendants.