ALBERT A. GOULET *vs.* COCA-COLA BOTTLING COMPANY

OF RHODE ISLAND.

JULY 21, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of trespass on the case for negligence in which the plaintiff was adjudged nonsuit at the conclusion of his evidence at a trial before a jury in the superior court. The case is here on his bill of exceptions which contains only an exception to the granting of the defendant's motion for a nonsuit.

That motion was based on these grounds: First, there was no evidence from which the jury could infer negligence on the part of defendant. Second, the plaintiff was directly guilty of contributory negligence as a matter of law. Third, the operator of the automobile was clearly negligent as a matter of law, and his negligence was imputable to plaintiff. The trial justice expressly rejected the first two grounds. He granted the motion solely on the third ground on the theory that the evidence showed the operator was plaintiff's agent at the time of the accident.

The evidence discloses the following facts. On June 13, 1953 plaintiff was injured while riding on the front seat of an automobile which was being operated by Edward Bean on Prospect street in the city of Pawtucket. Bean had overhauled the automobile "a couple of months" previously and had been paid therefore "quite a bit of money." At the time of the accident he was driving it to test the carburetor. The plaintiff had been complaining to Bean that ever since the automobile was overhauled the carburetor had not been functioning properly.

On the morning of June 13 on his way to work plaintiff stopped at Bean's service station for gas and Bean suggested that he take the car out on the road for a test. The plaintiff

agreed and turned the wheel over to Bean who drove along Prospect street seven or eight miles to Phillipsdale and then returned. On the way back near the intersection of Prospect street and Maryland avenue the automobile collided with defendant's truck which had started to make a left turn into Maryland avenue as Bean was passing it. Prior to the collision Bean had been driving at a speed of about 65 miles an hour and plaintiff had remonstrated several times that it was not necessary to drive so fast.

The plaintiff's wife bought and paid for the automobile out of her own funds and it was registered in her name. However, she very seldom drove it. The plaintiff, with her permission, drove it regularly in his business and bought the gas and oil. His wife was not in the automoblie at the time of the collision.

The plaintiff contends it could be reasonably inferred from the evidence that he was a passenger or guest in the automobile while it was being tested by Bean and that as such passenger he could not as a matter of law be charged with Bean's negligence. In support of those contentions he relies upon the undisputed evidence that he was not the owner of the automobile and that Bean was in control of it as an incident to the work which he had previously done on the car for hire.

The trial justice appears to have taken the view that the only reasonable inference which could be drawn from the evidence was that Bean was acting for plaintiff and was performing service for him at the time of the accident. He summed up such view in these words: "* * * it seems to me it makes Mr. Bean Mr. Goulet's agent for the purpose of operating the car. He was operating it under the business of Mr. Goulet, trying to find out what was wrong with it so he could fix it. It was a part of their arrangement apparently made that morning and as Mr. Bean was clearly negligent in the operation of his car it seems that I must grant the motion for nonsuit which I do * * *."

We do not agree with that view. On a motion for nonsuit all the evidence must be viewed most favorably to the plaintiff without regard to its weight or to the credibility of the witnesses. *Lemieux* v. *Leonard Construction Co.,* 73 R. I. 338. Viewing the evidence here in that light it could be reasonably inferred that Bean was in possession and control of the automobile in connection with the original bailment to him to overhaul it. His suggestion that he would take the car and make a road test of the carburetor may not be deemed only a gratuitous act for the benefit of plaintiff, but may also be reasonably considered as the performance of an obligation incumbent upon Bean as an incident to the original contract of bailment. On such view Bean, while operating the automobile for the specific purpose of testing the carburetor which he had repaired under the original bailment, would be a bailee of the owner for hire and not plaintiff's agent. That bailment could reasonably be deemed to have been resumed when plaintiff surrendered possession and control of the automobile to Bean for that specific purpose.

As such bailee Bean would be solely responsible for the negligent operation of the automobile unless plaintiff actively or jointly participated therein. Mere presence in the automobile would not be such participation as a matter of law. Even though under his gratuitous bailment plaintiff was considered a limited owner this would still be so. It is generally held that the mere fact that an owner is riding in his automobile while it is operated by another does not necessarily render the owner liable as a matter of law, apart from statute, for an injury resulting from its negligent operation, unless the operator was the owner's servant or agent. It is only evidence of such liability. *Christensen* v. *Hennepin Transportation Co.,* 215 Minn. 394. See also 147 A.L.R. 945, Note, pp. 960, 967 (b), where it is stated: "The liability of an owner of an automobile who is riding in the car while it is being operated by one other than a member

of his family depends upon the facts. His presence under such circumstances is not as strong evidence that it is being operated by his servant or agent as is such presence when the car is being driven by a member of his family." The same is true where the owner seeks to recover damages instead of defending against liability. 147 A.L.R., Note, pp. 974, 978 (b).

The question of the owner's responsibility is usually one to be determined by the jury from the facts. *Sanjean* v. *Hyman,* 302 Mass. 224; *Foley* v. *Hurley,* 288 Mass. 354. In the case at bar no case has been cited by defendant and we have found none where on facts similar to those here a nonsuit has been granted. The cases of *Hillenbrand* v. *De-Mott,* 42 N.Y.S. 2d 895, *Jones* v. *Cary,* 219 Ind. 268, *Brooks* v. *Snyder,* 302 Ill. App. 432, and *Wheeler* v. *Darmochwat,* 280 Mass. 553, which are cited and relied upon by defendant, were fully tried and decided on the facts. Therefore they are not helpful in determining the precise question here. Whether a relation of principal and agent existed between plaintiff and Bean is not, in our opinion, determinable as a matter of law by the court, because on a view of the evidence most favorable to plaintiff a contrary inference may reasonably be drawn. Hence the trial justice erred in holding that Bean was plaintiff's agent.

However, it has been suggested that under public laws 1950, chapter 2595, article XIX, section 1, and in the light of *Davis Pontiac Co.* v. *Sirois,* 82 R. I. 32, 105 A.2d 792, construing that section, Bean must be deemed such agent because he was operating the automobile on a public highway with plaintiff's consent and plaintiff has not shown that he, Bean, was financially responsible. Assuming without deciding that the statute applies to one in plaintiff's position on the facts here, it does not necessarily follow as a matter of law that Bean was plaintiff's agent, since, as stated above, it may be reasonably inferred from the evidence that Bean came into possession and control of the

automobile as a bailee for hire. In such case the statute would not operate to make Bean the plaintiff's agent. We have held that the statute does not apply to a bailee. *Gallo v. American Egg Co.*, 76 R. I. 450; *Ford v. Dorcus*, 54 R. I. 1.

The defendant finally contends that if we cannot support the trial justice's decision on the ground upon which he relied we may nevertheless do so on either or both of the first two grounds of its motion. In effect it asks us to review the trial justice's rulings on those grounds and if we find him in error to uphold his granting of its motion on a ground which he expressly rejected. The defendant supports its contention on the well-recognized principle that this court may on appeal sustain the decision of the trial justice for a different reason from that given by him. Ordinarily this is so, but in the case of a motion for a nonsuit on plaintiff's evidence we think that rule should not be applied, especially in a case where the trial justice has expressly rejected the grounds upon which defendant seeks to support the motion here.

As is well known the trial justice's denial of a motion for nonsuit solely on the plaintiff's evidence is an exercise of his discretion and is, therefore, not open to review here. *Solomon v. Shepard Co.*, 61 R. I. 332. In the case at bar if he had rejected all the grounds of defendant's motion no review in this court would have been open to defendant. The case is properly before us only because plaintiff claimed that the trial justice erred in upholding the third ground of defendant's motion. We do not think that this should open the door here to an argument by defendant that the trial justice erred in rejecting the first two grounds of its motion. If we were to so hold, defendant would thereby obtain a review which it could not have claimed in its own right if all the grounds of its motion had been rejected and the motion denied.

In any event, although we do not recognize any right of defendant to have this court review the trial justice's re-

jection of the first two grounds of its motion, we have considered its contentions in support of such grounds and find them to be without merit. A careful perusal of the transcript has convinced us that on a view of the evidence most favorable to the plaintiff the trial justice's rejection of those grounds was not clearly wrong.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Fergus J. McOsker,* for plaintiff.

*Higgins & McCabe, Eugene V. Higgins,* for defendant.