FRANK ROSSILLI *et al. vs.* BERNARD IACOVELLI *et al.*
*d.b.a* BER-NUN CONSTRUCTION CO.
BERNARD IACOVELLI *et al. vs.* FRANK ROSSILLI *et al.*
MARCH 31, 1959.
PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

ROBERTS, J.   These are two actions in assumpsit for breach of a building contract.  One was instituted in 1949 when Frank and John G. Rossilli sued Bernard Iacovelli for breach of a contract to erect a commercial garage on land owned by them in the town of East Providence.  Three years later Bernard Iacovelli, the defendant in that suit,

brought a cross action in assumpsit against the Rossillis. Nunzio DiGianfilippo was later added as a party defendant in the action brought by the Rossillis and as a party plaintiff in the action against the Rossillis.

The cases were tried together before a justice of the superior court sitting with a jury, who returned a verdict for the Rossillis as plaintiffs in the amount of $500 and for the Rossillis as defendants for costs. Each case is here on Bernard Iacovelli's and Nunzio DiGianfilippo's exceptions to certain evidentiary rulings during the course of the trial, to the refusal by the trial justice to grant several requests to charge, and to his denial of their motion for a new trial. Bernard Iacovelli and Nunzio DiGianfilippo will hereinafter be referred to as the contractors.

It is not disputed that the parties entered into a written agreement dated September 29, 1947 under which the contractors agreed to build a garage for the Rossillis and that work thereon was begun some two or three weeks after the contract was executed. The contractors contend that they stopped work on the building in February 1948, having completed the job except for exterior painting and the erection of a work bench inside the building.

The Rossillis disagree with the contention of the contractors, claiming that the contractors abandoned the contract in January 1948 leaving the building only partially completed. The Rossillis claim that they themselves, together with relatives, provided the labor to finish the building, and that to do this they were required to paint the exterior, lay a cement floor, install doors, windows, and toilet facilities, partition off an office, and erect a work bench.

The first point raised by the contractors is concerned with exceptions which they took to rulings under which the trial justice permitted the Rossillis to testify as to the value of labor performed by them in the completion of the building. The contractors, as we understand their con-

tention, argue that the Rossillis lacked qualification to testify as to the value of such services. It appears from the record that the trial justice so understood the basis of the objections and ruled that the Rossillis were sufficiently qualified to so testify. Such rulings did not constitute prejudicial error.

It is well established that the qualification of expert witnesses is within the discretion of a trial justice and that this court will review an exercise of such discretion only for abuse. *Baffoni* v. *Baffoni*, 77 R. I. 232. We think the rule stated is applicable in any case in which the qualification of a witness to testify to matters within his knowledge is questioned. A trial justice does not abuse his discretion merely because he permits a witness to testify whose qualifications have not been shown to be extraordinary or superlative. *Loughran* v. *DelSanto*, 79 R. I. 150. In the instant case the witnesses were permitted to testify as to the value of services rendered by themselves in a field of work in which they had some experience. These exceptions of the contractors are all overruled.

The contractors also took several exceptions to rulings of the trial justice admitting in evidence a number of canceled checks. Each of these checks was drawn by the Rossillis in payment for work and materials which they claimed were necessary in order to complete the erection of the building. Insofar as the purpose of introducing these checks was to prove that certain work must of necessity have been performed to complete the building, they were not admissible in the case brought by the Rossillis against the contractors. *Nock* v. *Lloyd*, 32 R. I. 313; *Longo* v. *Monast*, 70 R. I. 460, 465.

However, such checks would be admissible in the case brought by the contractors against the Rossillis to prove a defense to the contractors' claim of a balance due. In these circumstances it is not error to permit a party in a case, which has been consolidated for trial with another

case, to introduce evidence admissible in one of the consolidated cases even though it be inadmissible in the other case. We have said that where cases are consolidated for trial, the causes of action remain distinct and every legal right is preserved to the parties as fully as if the cases had been tried separately. *Johnson* v. *Duffy,* 64 R. I. 332; *Giguere* v. *Yellow Cab Co.,* 59 R. I. 248. The Rossillis were entitled to exercise their right to introduce evidence admissible by way of a defense in the case brought against them even though that evidence was inadmissible in the case they were prosecuting. In the circumstances it was incumbent upon the contractors to request a cautionary instruction of the court if they felt that the admission prejudiced them.

We have examined and considered all the other exceptions taken by the contractors to rulings of the trial justice on their objections to the admission or exclusion of evidence. To whatever extent error, if any, may have been committed with respect to these exceptions, we have not been persuaded that the contractors were prejudiced thereby. All of these exceptions are therefore overruled.

The contractors have also taken several exceptions to refusals on the part of the trial justice to charge the jury in the manner requested by them. The contractors requested the trial justice to charge that " 'nominal damages' means 'a trifling sum', such as 10¢ or $1.00 * * *." The trial justice did not give this charge but instructed the jury: "* * * you may give nominal damages, and nominal damages means any small amount." In our opinion this is in substance the same as the charge requested, and we see no error in the charge as given. This exception is overruled.

The contractors also took several exceptions to refusals of the trial justice to charge the jury as to the right of the contractors to recover under the contract if the jury found in their favor. While the trial justice refused the specific

charges requested, he did charge, referring to the contractors:

> "Their suit is not specifically one based upon the contract. Their suit is based on labor and materials, and, of course, they must prove their case by a fair preponderance of the testimony also. They must prove the work they did. They must prove the material that they supplied, and they must prove all this by a fair preponderance of the testimony. They must also prove the value of that material and that labor supplied, and they must also prove the demand for that money, which they claim was not paid, by a fair preponderance of the testimony. * * * So, if you decide for the contractors then the question as to whether or not the contract has been finished does not arise in that particular instance. They can only recover as far as they went for the actual work that they proved by a fair preponderance of the testimony, and only that."

In our judgment this charge was clearly appropriate in the circumstances, since it is clear from an examination of the record that the contractors sued not upon the contract but on the common counts in a quantum meruit. The charge given was an appropriate one where the action is based on a quantum meruit. These exceptions of the contractors are overruled.

The remaining exception of the contractors to the refusal to charge as requested is in effect an exception taken to the trial justice's declining to discuss testimony relating to the performance by the Rossilli brothers and to instruct the jury that their testimony as to their performance was speculative. The effect of this request was to require the trial justice to discuss the evidence, a matter which it is well established is within his discretion, and it was not error for him to decline to do so in this instance. This exception is overruled.

We will now consider the exceptions of the contractors to the trial justice's denial of their motion for a new trial in each case. Their contention in this respect is based on

the argument that the verdict in each case was contrary to the weight of the credible evidence and that in approving such verdicts the trial justice was clearly wrong. We have carefully examined the evidence and find it to be in such sharp conflict that the question is primarily one of comparative credibility of the opposing witnesses.

In such circumstances the cases clearly gave rise to fact questions which were for the determination of the jury. From an examination of the record it appears that the trial justice performed his duty in considering the motion for a new trial. He passed his independent judgment upon the weight of the evidence and the credibility of the witnesses and found that each verdict did substantial justice between the parties. In our opinion in reaching this conclusion he did not overlook or misconceive any of the material evidence in the cases. We point out further the important fact that he had the opportunity to see and hear the witnesses, an advantage which we do not have. Upon consideration we are unable to say that his decision in denying the contractors' motion for a new trial in each case was clearly wrong, and their exception to the denial of each motion is therefore overruled.

In each case all of the contractors' exceptions are overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*William B. Sweeney, Frank Shea,* for Frank and John G. Rossilli.

*Albert N. McKendall, Leo L. Jacques,* for Bernard Iacovelli and Nunzio DiGianfilippo.