229 A.2d 762.

William E. Redding, *Adm'r vs.* Picard Motor Sales, Inc. William E. Redding, *Adm'r vs.* Edmund Tucker.

MAY 24, 1967.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. These are two civil actions brought under the wrongful death statute, G. L. 1956, chap. 7 of title 10, by the administrator of the estate of Richard W. Redding, hereinafter referred to as Redding. One action was brought against Picard Motor Sales, Inc., the registered owner of an automobile in which it is alleged that Redding was a passenger at the time of his death. The other was brought against Edmund Tucker, alleged to have been the operator of the motor vehicle in which Redding was a passenger. The cases were tried together to a justice of the superior court sitting with a jury, and in each case a verdict was returned for the plaintiff in the amount of $35,000. The subsequent motions of the defendants for a new trial in each case were denied, and they are now prosecuting their respective appeals to this court.

It is not disputed that in April 1962 Redding and defendant Tucker had gone to the place of business of Picard Motor Sales, Inc., hereinafter referred to as Picard, a dealer in MG automobiles, so called, Redding being interested in the purchase of an MG automobile. At Picard's, Redding, accompanied by Tucker, took a 1961 MG automobile out for a road test with the consent of the manager of defendant corporation. The testimony of the manager was that at the time Redding left the salesroom for the road test, he was driving the vehicle. A short time thereafter, while the car was proceeding southerly on Route 146, it crossed the median divider strip and came into collision with another vehicle proceeding in a northerly direction in the northbound lanes of that highway. It appears that Red-

ding was killed instantly and that Tucker was removed from the car in an unconscious condition and taken to a hospital.

The defendant Picard contends that the trial justice erred in denying its motion for a new trial on the ground that the verdict was contrary to the weight of the evidence. It argues that in the record there is evidence that the automobile was delivered into the possession of Redding under the terms of a contract of bailment and that the statutory agency provided for in G. L. 1956, §31-33-6, as amended, does not apply where the delivery of possession of a motor vehicle is pursuant to a bailment thereof. *Goulet* v. *Coca-Cola Bottling Co.*, 83 R. I. 310, 116 A.2d 178. It is clear from the decision of the trial justice on the motion that she sustained the verdict of the jury against this defendant on the ground that Redding had the automobile with the consent of the sales manager as agent for defendant Picard, and not as a bailee.

It is well settled that on a motion for new trial based on the ground that the verdict is contrary to the weight of the evidence, the decision of a trial justice will not be disturbed by this court unless it is shown that the decision was clearly wrong. *Labbe* v. *Hill Brothers, Inc.*, 97 R. I. 269, 197 A.2d 305. In that case we said that one attacking such a decision has the burden to show, in order to prevail thereon, "* * * that the trial justice either overlooked or misconceived some relevant and material evidence on a controlling issue." The defendant Picard specifically argues that the trial justice overlooked or misconceived evidence adduced through the testimony of its sales manager and defendant Tucker. This evidence tended to establish that the car was delivered to Redding in order to permit him to drive the car over the highway for the purpose of testing it with a view to its purchase if found satisfactory.

An examination of the transcript discloses that Mr. Long, defendant's sales manager, testified that Redding had visited the agency some two weeks prior to the date of the acci-

dent, had talked about the purchase of an. MG, and had taken two cars out for road tests. Long testified that on those two occasions he had gone with Redding; and he observed that Redding operated this type of automobile competently. He testified further that on April 13, the day of the accident, Redding returned to the salesroom in the company of Mr. Tucker and looked again at the two MG's. Mr. Long had a conversation with Redding, and as a result thereof permitted him to take the car out for a road test; he also testified that Mr. Tucker went along with Mr. Redding. Mr. Redding returned in a short time and asked to be permitted to try the 1961 MG, which he had also driven some two weeks before. He told Mr. Long that he was interested in purchasing that particular car and, having been given permission to take it, left the salesroom, Redding driving the car with Mr. Tucker riding in the passenger's position.

The testimony of Mr. Tucker was that he had accompanied Redding to the salesroom on the day of the accident and that he was not interested in buying a car, being the owner of a 1961 Ford Falcon. He testified that Redding had talked with Mr. Long about buying a car and that he had gone with Mr. Redding when he road tested the 1954 MG and that when they returned, Mr. Redding asked to be allowed to test the 1961 car. At this time Mr. Long consented to Redding's testing the car and suggested that Tucker get in and go with him. It was on this trip that the accident happened.

In passing on the motion, the trial justice rejected the testimony of Mr. Tucker as being "not worthy of belief." From the testimony of Mr. Long relating to the arrangements under which Redding had taken the car, she inferred that Mr. Long had merely consented to the use of the car by both Redding and Tucker. She went on to point out that in the circumstances Tucker would have been an agent

of defendant Picard and, if he were driving, Picard would thereby become liable for the death of Redding. On this basis she denied the motion for a new trial.

The inference drawn by the trial justice that the transaction constituted only a consent to operate and not an agreement for the bailment of the car is open to attack on the ground that its probative force is negatived by the probability inhering in other reasonable inferences that might be drawn from the same testimony. In *Labbe* v. *Hill Brothers, Inc., supra,* we made it clear that it is within the province of the trial justice to resort to the inferential process to establish legal proof. We went on to say in that case: "It is our opinion that the probative force of the selected inference may be negatived by a showing of the susceptibility of the evidentiary fact to one or more inferences that have probability in such degree as to negate the probability of probative force in the inference selected. But the mere existence of contrary inferences in which probability inheres is not controlling on the acceptance by the trial justice of one of such inferences as probative of the fact in issue."

The question before us then on this motion is whether the probative force of the inference of the granting of consent within the purview of the statute creating an agency in the operation of motor vehicles is negated by the degree of probability inhering in the contrary inference that the car was delivered into the possession of Mr. Redding pursuant to an agreement of bailment. Again referring to *Labbe* v. *Hill Brothers, Inc., supra,* we note that we discussed therein the question of when the existence of an alternate inference which could be drawn from evidentiary facts substantially negates the probative force of the inference that was selected by the trial justice. We said that such an argument "* * * poses the question whether the existence of alternate inferences that could be drawn from the evidentiary facts substantially negates the probative

force of the inference that was selected by the trial justice. Viewing the inference in this light, we are of the opinion that the question of reasonableness thereof must turn on an inquiry as to whether the evidentiary facts point to the conclusion as being the *more* natural and plausible of those that might be drawn therefrom."

An analysis of the evidence adduced on the issue discloses clearly that Redding had twice visited defendant Picard's salesroom to discuss the purchase of an MG automobile and that on these occasions he was allowed to road test the particular cars with a view to their purchase. The evidence is equally clear that he was given possession of the 1961 MG for the purpose of testing it with a view to its purchase. From this evidence the court elected to infer that what the sales manager did was merely to consent to the operation of the car by Redding and Tucker.

It is true that Long did consent to such operation by Redding, but in all the circumstances it is clear that the consent was predicated upon the fact that Redding was interested in the purchase of the car and that it was delivered to him for the purpose of testing it to make a determination to that effect. Thus considered, the inference that a transaction of bailment was intended by delivery of the car to Redding possesses a high degree of probability and, in our opinion, is the natural and plausible conclusion to reach therefrom. It is our further opinion that the probability thus inhering in an inference of bailment negatives the reasonableness of the inference drawn from the same evidence by the trial justice. In the circumstances we are compelled to conclude that she misconceived the thrust of the evidence and the weight thereof and a new trial must be ordered.

We turn then to defendant Tucker's appeal. His contention that error inhered in the denial of his motion to pass the case because of a potential juror's remark concern-

ing insurance is without merit. The potential juror, a Mr. Allen, said, "I've been represented by Francis Reynolds," Mr. Reynolds being counsel for Tucker. The court immediately replied, "All right, we'll excuse you." After some further colloquy as to whether Mr. Reynolds had represented Mr. Allen, Mr. Allen said, "Is he for Kemperer [sic] or American Motors [sic]?" The latter reference is to two insurance carriers. We do not perceive that he was prejudiced in any manner by the remark, that could hardly be viewed as disclosing the existence of insurance protection in this case. Further, while it was made during the voir dire when several potential jurors were in the courtroom, we persist in our conclusion that prejudice was lacking even though it be conceded that some of the jurors afterward served on the panel.

The defendant conceded that there is doubt as to whether these jurors actually heard and understood the remarks which were alleged to have been prejudicial. At the time he moved to pass, counsel said: "I can't be sure whether or not they heard anything." We have long held that the disclosure in particular circumstances that a defendant is protected by insurance may be prejudicial and warrant the passing of the case. However, it is well understood that cases would be passed in these circumstances only when the prejudicial effect of the disclosure is clear. *Huling* v. *Finn*, 67 R. I. 369, 24 A.2d 620. We are unwilling to extend the application of this rule absent a showing that the remark was heard and understood by the potential jurors.

The defendant Tucker moved also to pass the case on three occasions on the ground that newspaper publicity relating to the trial and its progress prejudiced him. On the occasion of one such motion, reference was made to a newspaper story published on March 17, the day before the trial opened. The news item, it is to be conceded, misstated the nature of the case that was to be tried. But

there is in the record nothing that reveals whether the jurors were, as the trial justice suggested, questioned on the voir dire as to their having read the article — and, if so, whether it had any effect on their ability to return a fair and impartial verdict.

The remaining contentions that the motions to pass were improperly denied rest upon publicity claimed to be prejudicial to Tucker because it repeated the testimony of certain witnesses concerning the position in the car occupied by Tucker after the accident. We are unable to agree that these news items prejudiced Tucker, were we to concede that they were somewhat inaccurate.

The defendant Tucker contends also that it was error on the part of the trial justice to refuse to permit a witness produced by him to testify as an expert on disk brakes for want of qualification. It is settled that the qualification of an expert witness is a matter within the discretion of the trial justice and that decisions made in an exercise of that discretion will be reviewed by this court only for abuse. *Rossilli* v. *Iacovelli*, 88 R. I. 456, 149 A.2d 709; *Baffoni* v. *Baffoni*, 77 R. I. 232, 74 A.2d 857. It is clear from an examination of the cases in this jurisdiction that the trial justice is given a wide latitude in the exercise of this discretion.

In *Loughran* v. *DelSanto*, 79 R. I. 150, 85 A.2d 66, this court held that there was no abuse of discretion involved where the trial court permitted a witness to testify as an expert merely because he had not been shown to possess extraordinary qualification with respect to the subject matter. Neither do we think that a refusal to permit one to testify as an expert would be an abuse of discretion where, while it was shown that he had some general experience with regard to the subject matter of the testimony, he did not possess specific knowledge concerning a particular phase of the subject matter under consideration.

The instant case is such a case. It is clear that the witness who was offered as an expert, while he had worked as an automobile mechanic for some twelve years and had general experience with the braking systems of automobiles, had worked on disk brakes on only three or four occasions and on only two of these occasions were MG cars involved. Despite his testimony that he understood braking systems and would not hesitate to work on disk brakes, we are compelled to conclude that the trial justice did not err in refusing to qualify this witness as an expert.

Neither do we perceive any merit in defendant's contention that the trial justice erred in denying his motion for a directed verdict. It is the duty of the trial justice, in passing upon such a motion, to view in a light most favorable to the adverse party, the plaintiff here, the evidence and the reasonable inferences to be drawn therefrom, and a verdict should not be directed unless the only reasonable conclusion that may be reached is that the plaintiff is not entitled to recover. *Hulton* v. *Phaneuf,* 85 R. I. 406, 132 A.2d 85. In the instant case there is evidence from which, under the rule, it may be inferred that at the time of the accident defendant Tucker was operating the MG in a diagonal direction across the median strip dividing the two lanes of the highway. When we consider this evidence in a light most favorable to plaintiff, it is clear that the jury might conclude therefrom that Tucker was operating in a negligent manner, and in such circumstances the denial of the motion for a directed verdict was proper.

The defendant Tucker also contends that the trial justice failed to clearly inform the jury that her discussion of damages in the charge given to the jury was not to be taken by them as implying the existence of liability on the part of defendant Tucker. We have read the portion of the charge to which reference is made and cannot agree that the instruction of the trial justice on damages, either in

its content or the manner in which it was given, reasonably could be held to have misled or confused the jury on their duty to find liability independently of the question of damages. We see no merit in this claim of error.

The defendant Tucker argues finally that the trial justice erred in denying his motion for a new trial. To establish that she was clearly wrong in such denial, he relies on *Labbe v. Hill Brothers, Inc., supra,* and from that case appears to argue that the inferences she drew from the evidence are negatived by other inferences to be drawn therefrom in which a greater degree of probability inheres. It is true that in that case we so held, but we went on to note that "* * * the mere existence of contrary inferences in which probability inheres is not controlling on the acceptance by the trial justice of one of such inferences as probative of the fact in issue."

In *Labbe v. Hill Brothers, Inc., supra,* the court endeavored to make clear the proposition that a trial justice in these circumstances is free to infer from evidence any reasonable inferences in which probability inheres. When such is done, that inference will be accepted by this court on review unless it is shown that some other contrary but reasonable inference possesses probability in such a high degree as to negative the reasonableness of the inferences drawn. That is not the situation in the instant case.

It is clear from the evidence adduced relative to Tucker's operation of the vehicle and his negligence therein that an inference may be drawn that Tucker was the driver thereof at the time it crossed the median strip; and from the fact that it was being operated along the median strip at a high rate of speed it may be inferred that his operation thereof was negligent.

That appears to be what the trial justice has done in the instant case. Even were we to concede that an inference could be drawn from that evidence that the defendant

Tucker was not the operator and that he was not negligent in such operation, we are unable to agree that there would inhere in such inference that degree of probability as is necessary to negative the reasonable but contrary inferences drawn by the trial justice. We see no error in the denial of the motion for a new trial.

In William E. Redding, Adm'r v. Picard Motor Sales, Inc., Appeal No. 74, the appeal of the defendant is sustained, the judgment entered thereon is reversed, and the cause is remanded to the superior court for a new trial.

In William E. Redding, Adm'r v. Edmund Tucker, Appeal No. 75, the appeal of the defendant is denied and dismissed, and the judgment appealed from is affirmed.

*Gunning & LaFazia; Raymond A. LaFazia, Angelo DiSpirito, John F. McDonough,* for plaintiff.

*Higgins & Slattery, Eugene V. Higgins,* Attorneys for Picard Motor Sales, Inc., defendant.

*Francis V. Reynolds, M. Durkan Cannon, Leonard A. Kiernan, Jr.,* Attorneys for Edmund Tucker, defendant.