**Maureen STACHURSKI (Wengfeld)**

v.

**Walter STACHURSKI.**

**No. 81–4–Appeal.**

Supreme Court of Rhode Island.

Feb. 21, 1985.

Carolyn R. Barone, Allen M. Kirshenbaum, Warwick, for plaintiff.

Walter Stachurski, pro se.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from an order of the Family Court modifying child-support payments previously set forth in a final decree entered January 16, 1975. The decree ordered Walter Stachurski (Walter) to pay $100 a week for the support of two minor children ($50 for the support of each child). The final decree also required Walter to pay all medical, dental, and hospitalization bills of the minor children. As part of a property-settlement agreement, Walter conveyed to Maureen Stachurski (Maureen) the marital domicile located in the town of Cumberland and $5,000 cash.

This case came before the Family Court on Maureen's petition to adjudge Walter in contempt for having failed to make support payments from approximately September 1979 and upon Walter's petition to modify the child-support payments based upon his inability to comply therewith. Although it could be argued that the final decree did not require him to do so, Walter also paid the taxes and insurance on the house and provided food from a meat market, of which he was the owner and of which his father had been the owner from approximately 1940.

After the divorce both parties were remarried. Maureen married an Army recruiter but continued to live in her former marital domicile. Walter married a woman with five children. At the time of the hearing, four of these children were still living with Walter and his second wife.

From the time of the entry of the final decree until September 1979, Walter promptly paid all support moneys due and owing to Maureen, together with additional sums that were not required. In September 1979, Walter's business was placed in receivership. From that time forward,

Walter was unemployed and remained so until he moved to Florida and found new employment as a cabinet maker at a net salary of $176.69 per week. Walter's second wife was employed at a take-home salary of $110 per week. Further, as a widow she received $165 a month from the Veterans' Administration and $500 a month from the Social Security Administration for the support of her minor children. It is undisputed that the amount of the arrearages totals $2,425. At the conclusion of the hearing the trial justice took into account Maureen's present circumstances and Walter's present circumstances. After giving a summary of the facts that had been presented in evidence, the trial justice made the following comments:

"Mr. Stachurski carried out his obligations far in excess of a Hundred Dollars a week for a period of five years until he went bankrupt [sic][1] in September of '79'. Now he has less to operate on. He certainly could not carry out those commitments that he had to his former wife and children on One Hundred Seventy Six ($176.00) Dollars a week, and so he has to rely much more heavily upon his present wife to contribute to the ability to run the house, and I therefore think that he is entitled to relief, and I do find as a fact that there is an arrearage of Twenty Four Hundred Twenty-Five ($2,425.00) Dollars. Given the totality of the circumstances concerning his ability to pay, and the needs of the children, and Mrs. Wengfield's [sic] corresponding obligation to contribute to the support of the children, I'm going to grant the Motion To Modify to Forty ($40.00) Dollars a week. Twenty ($20.00) Dollars for each child, plus Ten ($10.00) Dollars to be paid on the arrearage of Twenty Four Hundred Twenty-Five ($2,425.00) Dollars. Now, when that arrearage is wiped out, the support payments of the two children will increase to Fifty ($50.00) Dollars a week. Twenty Five ($25.00) for each * * *."

The trial justice entered an order in accordance with his decision in which he did not find Walter in contempt but modified the support order to $40 per week and ordered the sum of $10 per week to be paid on the arrearage. Maureen challenges this order primarily on the ground that there was an insufficient showing by Walter that his ability to pay had diminished from the time of the entry of the final decree. There is no question that the record does not contain specific evidence of the amount that Walter was earning in January 1975. However, it is clear that the trial justice drew an inference from the totality of evidence in the case that Walter's ability to pay had substantially decreased subsequent to the time that his business went into receivership. The question presented to us is whether this inference was a reasonable one.

■ We have stated on a number of occasions that the findings of fact of a trial justice will not be disturbed on review unless he overlooks or misconceives relevant evidence or was otherwise clearly wrong. *Proffitt v. Ricci*, R.I., 463 A.2d 514, 517 (1983) (see citations collected therein); *In re Susan*, 122 R.I. 677, 683, 411 A.2d 296, 299 (1980). The same reasoning applies with equal force to inferences drawn by a trial justice sitting as a trier of fact. *Walton v. Baird*, R.I., 433 A.2d 963, 964 (1981); *Lisi v. Marra*, R.I., 424 A.2d 1052, 1055 (1981); *Tanzi v. Fiberglass Swimming Pools, Inc.*, R.I., 414 A.2d 484, 487 (1980).

Maureen argues that the inference drawn by the trial justice in this instance is not reasonable since the mere fact of his business's having been placed into receivership was insufficient evidence of a change of circumstances on Walter's part. We have stated in *Redding v. Picard Motor Sales, Inc.*, 102 R.I. 239, 249, 229 A.2d 762, 768 (1967), that a trial justice is free to draw from evidence any reasonable inferences in which probability inheres.

---

1. Although the trial justice refers to Walter as having personally been placed in bankruptcy, there is no dispute that it was Walter's business that was placed in receivership.

"When such is done, that inference will be accepted by this court on review unless it is shown that some other contrary but reasonable inference possesses probability in such a high degree as to negative the reasonableness of the inferences drawn." *Id.* (citing *Labbe v. Hill Brothers, Inc.,* 97 R.I. 269, 197 A.2d 305 (1964)).

■ In the instant case, it is true that the inference drawn by the trial justice was not the only possible inference. An inference may have probative force, however, even though it does not completely exclude or explain away another hypothesis that is inferable from the same basic facts. *Labbe,* 97 R.I. at 273–74, 197 A.2d at 308. We cannot say that it is unreasonable for the trial justice to have inferred that it would have been impossible for Walter to have carried out the obligations of the final decree for a period of five years, together with making other voluntary payments, had he not been earning significantly more than a net income of $176 per week. It was also reasonable for the trial justice to infer that Walter's income while engaged in the meat business was supplemented by his ability to contribute meats and other foodstuffs to his own and his family's food supply at less than retail cost. Moreover, the trial justice could have inferred that the final decree entered on January 16, 1975, was based upon appropriate and probative evidence submitted to a justice of the Family Court at that time. It should be noted that the case file submitted to this court on appeal contains no documents concerning the income and needs of the parties prior to the time of entry of the final decree.

■ A careful examination of the transcript of testimony presented, together with the inferences drawn by the trial justice from such evidence, persuades us that he did not err in concluding that Walter was no longer able to meet the support requirements of the final decree and that his failure to meet his obligations under said decree subsequent to September 1979 was not willful but was the result of a significant change in financial circumstances based upon the placing of his business in receivership.

For the reasons give, Maureen's appeal is denied and dismissed. The order of the Family Court modifying Walter's obligation of support is hereby affirmed. The papers in the case may be remanded to the Family Court.