Rose **FERRO**

v.

**VOLKSWAGEN OF AMERICA, INC., and Picard Porshe–Audi, Inc.**

No. 89–395 Appeal.

Supreme Court of Rhode Island.

April 1, 1991.

Susan Carlin, Stephen Famiglietti, Famiglietti & Carlin, Ltd., Providence, for plaintiff.

Robert J. Quigley, Jr., Higgins, Cavanagh and Cooney, Steve H. Orabone,

Quinn, Cuzzone & Geremia, Providence, for defendants.

## OPINION

FAY, Chief Justice.

This case comes before the Supreme Court on appeal by the plaintiff seeking review of a Superior Court order granting the defendants' motion for summary judgment. For the reasons set forth herein we reverse.

The facts relevant to this appeal are as follows. The plaintiff, Rose Ferro, alleges that she was injured when her 1978 Audi 5000S struck a tree at the intersection of Lubec Street and Smithfield Road. Specifically plaintiff stated that on June 4, 1981, she left her mother's house, started her car, and drove approximately one-tenth of a mile on Lubec Street. Although plaintiff cannot remember anything that occurred after traveling the first one-tenth of a mile, she does remember that she had planned to travel an additional one-tenth of a mile on Lubec Street before turning right into a shopping plaza. Additionally plaintiff recalls that prior to "blanking out," her foot was on the gas pedal and she was traveling at approximately fifteen miles per hour. The next thing plaintiff remembered was waking up in the hospital.

In opposition to defendants' motion for summary judgment plaintiff provided the trial justice with the affidavits of two witnesses, Frank Lombari (Lombari) and Michael Charbatji (Charbatji). Lombari stated that at the time of plaintiff's accident he was working at a gas station located at the intersection of Smithfield Road and Lubec Street when he heard the sound of a car engine racing. He then looked up and saw plaintiff's car "travel [on Lubec Street] at an excessive rate of speed" through the intersection of Lubec Street and Smithfield Road and run into a tree. Immediately after the accident, Lombari ran to the car and saw that plaintiff had been thrown partially into the back seat. Lombari could see that neither of her feet was near the gas pedal, but he stated that the Audi's

engine continued to race until a wire under the hood was disconnected.

Charbatji was also in the area of Lubec Street and Smithfield Road at the time of the accident, and although he stated that he did not see the accident, he claims to have heard it. Charbatji approached the vehicle immediately after the accident and noted that although no part of plaintiff's body was near the accelerator, the Audi's engine sounded as though it was racing.

Additionally plaintiff presented an affidavit by her expert, William Rosenbluth. In rendering his opinion, Rosenbluth considered the depositions of both plaintiff and her husband, the sales invoice for the car, repair records, rescue reports (including witnesses' statements), and photographs taken of the car shortly after the accident.[1] Relying upon all the above, Rosenbluth stated that he could proffer the following opinions to a reasonable degree of scientific certainty:

"a. the incident of June 24, 1981 was caused by a sudden unintended acceleration of the Ferro C2 Audi;

"b. the sudden unintended acceleration and the consequent collision of the Audi were caused by one or more design defects in the C2 Audi;

"c. these defects rendered the C2 Audi unreasonably dangerous to consumer including plaintiff Rose Ferro and plaintiff [sic] Leonard Ferro."

Finally plaintiff presented the trial justice with a recall notice from codefendant Volkswagen of America, Inc. (VOA), which her husband received approximately one year after the accident. The recall notice stated in pertinent part:

"Audi has determined that a defect which relates to motor vehicle safety exists in 1978 through 1982 model Audi 5000 vehicles equipped with gasoline engine and automatic transmission. Our records indicate that you are the owner of one of the vehicles involved.

"We have found that in the event an improperly placed floor mat interferes with the vibration absorber attached to

---

1. It is important to note that Rosenbluth never  had an opportunity to examine the vehicle itself.

the underside of the accelerator pedal, the pedal may not fully return to the idle position. This condition could lead to unintended acceleration and affect your ability to control the vehicle. With little or no warning, this condition could also result in accident and possible injury. We therefore ask that you be alert to any abnormal acceleration.

"In the event that you should experience unintended acceleration, please apply the brakes, turn off the ignition immediately and contact any authorized Audi dealer."

On June 12, 1984, plaintiff filed a products liability action against VOA and Picard Porshe–Audi, Inc. (Picard), alleging that a design and manufacture defect had caused her car to accelerate suddenly, unintentionally, and uncontrollably on June 4, 1981. Both VOA and Picard filed motions for summary judgment in May 1989 and June 1989, respectively. The trial justice heard the motions on June 20, 1989, and scheduled a second hearing two weeks later to afford plaintiff additional time to depose her witnesses. On July 3, 1989, the trial justice ruled that although Rosenbluth was a competent expert, his opinion was predicated on an inadequate factual basis rendering it mere speculation. The trial justice concluded that there was no evidence of unintended acceleration and accordingly granted defendants' motions.

The plaintiff filed an appeal to this court, claiming that the trial justice erred in granting defendants' motions. Specifically plaintiff contends that the trial justice improperly passed on the credibility of the expert witness and that the expert's affidavit did provide a genuine issue of a material fact. Second, plaintiff avers that the other facts and inferences set forth in the deposition testimony and in the affidavits of lay witnesses were sufficient to establish a genuine issue of a material fact. We agree with plaintiff in respect to her second claim and reverse on those grounds.

To oppose a motion for summary judgment successfully, a party need only provide the trial justice with evidence that, when viewed in the light most favorable to that party, establishes the existence of a genuine issue of a material fact. Super.R. Civ.P. 56; see People's Trust Co. v. Searles, 486 A.2d 619, 620 (R.I.1985). Once the existence of that fact is demonstrated, the granting of a motion for summary judgment is precluded. Industrial National Bank of Rhode Island v. Patriarca, 502 A.2d 336, 338 (R.I.1985); Steinberg v. State, 427 A.2d 338, 340 (R.I. 1981). Additionally this court has held that summary judgment is "a drastic remedy requiring cautious application." Trend Precious Metals Co. v. Sammartino, Inc., 577 A.2d 986, 988 (R.I.1990); Mullins v. Federal Dairy Co., 568 A.2d 759, 761 (R.I. 1990).

In the case at bar the genuine issue of material fact that plaintiff is seeking to establish is the sudden and unintended acceleration of her vehicle on June 4, 1981. Because all plaintiff's evidence is circumstantial, the question becomes whether plaintiff's evidence, taken in its entirety, gives rise to a legally sufficient inference of sudden and unintended acceleration or whether that inference is merely conjecture rendering it legally insufficient to support plaintiff's claim. In Labbe v. Hill Brothers, Inc., 97 R.I. 269, 197 A.2d 305 (1964), this court promulgated parameters relating to the use of inferences in the judicial process. "When a finding is a reasonable inference from the facts and conditions directly proved, it must be classed as legal evidence and not as mere conjecture, surmise or guess." Id. at 273, 197 A.2d at 308 (quoting Hornick v. Bethlehem Mines Corp., 307 Pa. 264, 269, 161 A. 75, 76 (1932)). Additionally an inference may have probative value even though all other hypotheses inferable from the same basic facts are not completely excluded. Id., 97 R.I. at 273–74, 197 A.2d at 308; see Stachurski v. Stachurski, 488 A.2d 686, 688 (R.I.1985). The selected inference may be negated, however, by demonstrating that other inferences have "probability in such degree as to negate the probability of * * * the inference selected." Labbe, 97 R.I. at 275, 197 A.2d at 309.

In the case before us plaintiff stated that she only intended to travel two-tenths of a mile on Lubec Street before turning right

**1050**

into a shopping center and that she was traveling at approximately fifteen miles per hour. An eyewitness testified that he could hear the engine racing as plaintiff's Audi approached the tree, that the car was traveling at an excessive rate of speed, and that the Audi's engine continued to race after the collision, despite the fact that plaintiff was in no way touching the accelerator. Subsequent to the accident, moreover, plaintiff's husband received a recall notice from codefendant VOA, indicating that a defect existed in certain automobiles, including his Audi, which could cause an "unintended acceleration." Accordingly we conclude that it is reasonable to infer from these facts that plaintiff's automobile accelerated contrary to her intention. We recognize that the evidence proffered by plaintiff lends itself to alternate inferences equal in probability to the one at issue. We do not find those inferences necessarily to be more probable than plaintiff's selected inference, nor do we find them to have "probability in such degree as to negate the probability of * * * the inference selected." *See Labbe*, 97 R.I. at 275, 197 A.2d at 309. Furthermore in keeping with the fact that this is an appeal from the granting of a motion for summary judgment, we conclude that a "cautious application" of that remedy compels us to find that plaintiff successfully introduced adequate evidence to support the inference of unintended acceleration, thus establishing a genuine issue of a material fact. Accordingly we find that the trial justice erred in granting defendants' motion for summary judgment.

The plaintiff also contends that the trial justice improperly passed on the credibility of her expert witness and that the expert's affidavit should have been enough to defeat the defendants' motion for summary judgment. Because, however, we have found that the other evidence in this case was sufficient to establish a genuine issue of a material fact, we need not address this issue further.

For the reasons stated herein the plaintiff's appeal is sustained, the judgment of the Superior Court is reversed, and the case is remanded to the Superior Court for further proceedings.

KELLEHER, J., did not participate.